**Kenneth COFFELT, Appellant,**

v.

**Honorable Terry L. SHELL, Appellee.**

**No. 77–1957.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 12, 1978.

Decided May 18, 1978.

Rehearing and Rehearing En Banc
Denied June 14, 1978.

Kenneth C. Coffelt, Little Rock, Ark., for appellant.

Terry L. Shell, U. S. Dist. Judge, E. and W. D. of Ark., Little Rock, Ark., for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

---

PER CURIAM.

This case is an appeal by an attorney, Kenneth Coffelt, from a district court[1] order relieving Coffelt of his representation of a certain criminal defendant, Arthur Lewis Gordon, and ordering a modification of Coffelt's fee arrangement with Gordon. The order came during the Government's presentation of its case against Gordon and was accompanied by a judicial declaration of mistrial. The case was being tried to the court without a jury. We have been advised by the appellee's brief that the court appointed a new attorney for Gordon and he was subsequently convicted by a jury on the charges against him of distributing heroin in violation of 21 U.S.C. § 841(a).

The dispute arose when the Government called as a witness against Gordon an informant named Willie Jackson. At this time Coffelt was representing Jackson in a pending state criminal prosecution on drug-related charges.[2] Coffelt's wife had posted a $20,000 bond for Jackson, and the Coffelts had become concerned that the bond might be forfeited because they had had difficulty locating Jackson. With this concern in mind Coffelt approached the bench and asked for a chambers conference. In chambers Coffelt apprised the court of his prior relationship with Jackson and asked that Jackson be taken into custody so that Mrs. Coffelt could be relieved on her bond.

The district court found that the actions of Coffelt in defending Gordon constituted a violation of the ABA Code of Professional Responsibility. Specifically, the district court held that Coffelt was acting contrary to the provisions of Disciplinary Rule 5–105(A), which provides:

A lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve him in representing differing interests, except to the extent permitted under DR 5–105(C).[3]

*Cf. Holloway v. Arkansas,* —— U.S. ——, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). The district court also found that Coffelt's conduct at least created the appearance of a conflict of interest and thus Coffelt's continued representation of Gordon was inappropriate. *See* ABA Code of Professional Responsibility Canon 9 ("A lawyer should avoid even the appearance of impropriety.") *See also Fred Weber, Inc. v. Shell Oil Co.,* 566 F.2d 602, 609–10 (8th Cir. 1977); *Richardson v. Hamilton International Corp.,* 469 F.2d 1382, 1385–86 (3d Cir. 1972), *cert. denied,* 411 U.S. 986, 93 S.Ct. 2271, 36 L.Ed.2d 964 (1973); *Estep v. Johnson,* 383 F.Supp. 1323, 1325 (D.Conn.1974); *Handelman v. Weiss,* 368 F.Supp. 258, 263–64 (S.D.N.Y. 1973). Coffelt did not anticipate any ethical problem and stated to the court that he perceived no appearance of impropriety.

An order was entered relieving Coffelt as counsel of record and declaring a mistrial. The court also determined that Coffelt's fee arrangement with Gordon, which called for a total payment of $1,000, was excessive in view of the early termination of the proceedings and "Coffelt's obvious lack of preparation for trial."[4] The court ordered the fee reduced to $100 on grounds of fairness and equity.

---

1. The Honorable Terry L. Shell, United States District Judge for the Eastern District of Arkansas.

2. The state charges against Jackson were eventually dismissed in return for Jackson's work as an informant.

3. DR 5–105(C) permits a client to waive a conflict of interests if the waiver is made knowingly and intelligently after a full disclosure. No request was made by Coffelt that he be given an opportunity to explain fully the conflicting interests to Gordon. Gordon did state that he

wanted Coffelt to continue to represent him. However, the appellee's brief claims that Gordon was motivated solely by his understanding that under any circumstances he would be obligated to pay Coffelt's fee. In any event, Gordon did not make a knowing and voluntary waiver as required by DR 5–105(C).

4. A further ground for declaring a mistrial and relieving Coffelt as counsel, which is asserted in the appellee's brief, is that Coffelt was not adequately prepared to provide competent representation for Gordon.

■ "The district court bears the responsibility for the supervision of the members of its bar." *Fred Weber, Inc. v. Shell Oil Co., supra,* 566 F.2d at 605, *quoting from Hull v. Celanese Corp.,* 513 F.2d 568, 571 (2d Cir. 1975). In addition to its authority to disqualify attorneys, the court has the inherent power to inquire into the amount charged by an attorney in order to protect a client from excessive fees. *See In re Michaelson,* 511 F.2d 882, 888 (9th Cir.), *cert. denied,* 421 U.S. 978, 95 S.Ct. 1979, 44 L.Ed.2d 469 (1975); *In re Silver,* 508 F.2d 647 (9th Cir. 1974).

■ In matters concerning the supervision of members of its bar, "the finding of the district court will be upset only upon a showing that abuse of discretion has taken place." *Fred Weber, Inc. v. Shell Oil Co., supra,* 566 F.2d at 605, *quoting from Hull v. Celanese Corp., supra,* 513 F.2d at 571. "Moreover, in the disqualification situation, any doubt is to be resolved in favor of disqualification." *Hull v. Celanese Corp., supra,* 513 F.2d at 571.

■ We conclude the district court did not abuse its discretion in disqualifying Coffelt from further representation of Gordon and in modifying Coffelt's fee arrangement with Gordon.

Affirmed.

HENLEY, Circuit Judge, dissenting.

I respectfully dissent from the holding of the court, and would remand the case for further consideration by the district court.

Appellee's initial action in the case was taken on November 17, 1977 in the course of the non-jury trial of the defendant Arthur Lewis Gordon, and was formalized in a Memorandum and Order filed on November 21, 1977. Appellant was directed to repay to Gordon $400.00 of the $500.00 which appellant had received from Gordon.

On November 28, 1977 appellant Coffelt filed a motion to vacate the district court's order of November 21 and the motion recited that between November 21 and November 28, the state charges against the informant Willie Jackson had been dismissed, that there was no longer any conflict of interest involved in Coffelt's representation of Gordon, that Mrs. Coffelt had been relieved of any potential liability on the bail bond of Jackson, and that Gordon had stated to appellee that he desired to have Coffelt continue to serve as his attorney.

The district court summarily overruled the motion, and on the next day appointed new counsel to represent Gordon.

I recognize that the subsequent conviction of Gordon as a result of his second trial may have rendered moot the question of the correctness of the order of Judge Shell disqualifying Mr. Coffelt from further representation of Gordon. That, however, is not necessarily true. But, apart from that the controversy about Coffelt's fee is not moot.

In general, I do not disagree with the legal principles and authorities relied upon by the majority. I think, however, that in view of Gordon's expressed desire to have Coffelt continue to represent him, and in view of the fact that the state charges against Jackson were dismissed between November 21 and November 28 the district court should have given more consideration than it did to Mr. Coffelt's motion to vacate, and that the district court should now take another look at the matter and particularly at the question of whether Mr. Coffelt should be permitted to retain at least the $500.00 that he had received initially from Gordon.