UNITED STATES of America, Appellee,

v.

Clovis Carl GREEN, Jr., Appellant.

No. 79–1544.

United States Court of Appeals,
Eighth Circuit.

Submitted April 18, 1980.

Decided June 27, 1980.

Rehearing and Rehearing En Banc
Denied July 24, 1980.

Certiorari Denied Oct. 14, 1980.
See 101 S.Ct. 277.

Robert G. Duncan, Kansas City, Mo., for appellant.

Gene C. Napier, Asst. U. S. Atty., Kansas City, Mo. (argued), and Ronald S. Reed, Jr., U. S. Atty., Kansas City, Mo., on brief, for appellee.

Before HEANEY and STEPHENSON, Circuit Judges, and KUNZIG, Judge.*

PER CURIAM.

Clovis Carl Green, Jr., appeals from his conviction on five counts of criminal contempt of court in violation of 18 U.S.C. § 401(3). We affirm the conviction but modify the sentence.

Green recently concluded service on a ten-year sentence for forcible rape. During his tenure at the Missouri State Penitentiary, Green was a prolific, although unsuccessful, writ writer and jailhouse lawyer. He seriously disrupted the United States District Court for the Western District of Missouri with frivolous and repetitious filings and petitions in cases almost too numerous to count. See Green v. Garrott, 71 F.R.D. 680 (W.D.Mo.1976). On November 10, 1976, as a result of Green's conduct, the District Court for the Western District of Missouri issued the following order:

ORDERED that petitioner, Clovis Carl Green, Jr., be, and he is hereby, perpetually enjoined and restrained from filing in the future in the United States District Court for the Western District of Missouri on behalf of any other inmate incarcerated within the Missouri penal system, any action against the State of Missouri or any of its officials or employees, including the state judiciary, for any alleged cause of action arising out of their criminal conviction or their resultant confinement incident thereto; and it is further

ORDERED that petitioner, Clovis Carl Green, Jr., be, and he is hereby, perpetually enjoined and restrained in the future from acting as a "writ-writer" or "jailhouse lawyer" for any other inmate within the Missouri penal system, by preparing or assisting in any way, or acting in concert with any other inmate in the preparation of any writ, pleading, motion or other document for use in the United States District Court for the Western District of Missouri, from soliciting the filing of any document for use in the United States District Court for the

Western District of Missouri, from dictating or writing a writ, pleading, motion, or other document for use in the United States District Court for the Western District of Missouri, or from advising any other inmate as to what such a document should contain.

Green v. Wyrick, 428 F.Supp. 732, 743–744 (W.D.Mo.1976).

On May 24, 1978, Green was convicted on three counts of violating this order and was sentenced to imprisonment for five months on each of the three counts. The sentences were to be served concurrent with each other but consecutive to the state sentence he was then serving. This conviction was upheld by this Court in In re Green, 586 F.2d 1247 (8th Cir. 1978), cert. denied, 440 U.S. 922, 99 S.Ct. 1249, 59 L.Ed.2d 475 (1979).

On May 23, 1979, Green was again convicted on five counts of violating the district court's injunction. He was sentenced to two years on each count, with the sentences to be served consecutively and to begin only after the five-month contempt sentence had been served. It is this conviction and sentence that Green now appeals.

■ We begin by noting that the validity of the 1976 injunction is not subject to question. Green's petition to proceed in forma pauperis with an appeal of that order was denied both by the district court and by this Court, Green v. Wyrick, No. 76–8253 (8th Cir. Jan. 4, 1977) (unpublished), and his appeal was never perfected. We shall thus consider only the validity of the conviction and the sentence. See In re Green, supra, 586 F.2d at 1250, 1251.

■ Green initially contends that the trial court erred in refusing to appoint alternative counsel and in not allowing appointed counsel to actively assist Green at trial. On December 4, 1978, the Federal Public Defender's office for the Western District of Missouri was appointed to represent Green. Ronald L. Hall of that office was assigned to the case. On January 10, 1979, Hall made a motion to withdraw as counsel in accordance with Green's letter to the

* The Honorable Robert L. Kunzig, Judge, United States Court of Claims, sitting by designation.

court, which clearly expressed his desire to proceed *pro se*. Before a ruling on that motion was made, however, Green requested the appointment of different counsel. On January 12, 1979, Judge Clark issued an order requiring that Green "choose whether to proceed *pro se* without the active assistance and participation of appointed counsel, or whether to accept the Federal Public Defender as his appointed counsel." The court made clear that it would not appoint alternative counsel and that, if Green proceeded *pro se*, Hall could only passively assist Green by responding to his direct inquiries as to trial procedure.

At a pretrial conference on January 18, 1979, in which the court fully explored the question with him, Green apparently elected to proceed *pro se*. He did not, however, file a written statement to that effect. Thereafter, Green again submitted motions requesting the appointment of alternative counsel. Finally, after the court reiterated its determination not to appoint alternative counsel, Green notified the court that he would proceed *pro se* under protest, which he did. Hall served at trial in the advisory capacity previously indicated.

We can find no error in the district court's handling of this matter. It is clear that Green requested alternative counsel because Hall did not accept one of Green's suggested defenses. In so doing, Hall was exercising his professional judgment as to legitimate trial tactics and we find no indication that his judgment was other than sound or that he was less than diligent in investigating the case. While it is clear that an indigent defendant has a right to effective assistance of counsel, it is also clear that he, like any defendant, does not have an absolute right to choose any particular counsel. *See Gandy v. Alabama*, 569 F.2d 1318, 1323 (5th Cir. 1978). Here, competent counsel was appointed for Green but he knowingly chose not to accept it. That too is his right. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

■ Having made the choice to proceed *pro se*, however, Green cannot now complain that his appointed counsel was not allowed to take a more active role in the trial. We have previously rejected the notion that a defendant has a right to both represent himself and to be represented by counsel, *United States v. Williams*, 534 F.2d 119, 123 (8th Cir.), *cert. denied*, 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976), but have approved the use of advisory counsel for *pro se* defendants. *United States v. Olson*, 576 F.2d 1267, 1270 (8th Cir.), *cert. denied*, 439 U.S. 896, 99 S.Ct. 256, 58 L.Ed.2d 242 (1978). That is what was offered to and accepted by Green at trial below. His constitutional right to counsel was, thus, adequately protected.

■ Green also contends that his sentence was excessive. With this we agree. In *Green v. United States*, 356 U.S. 165, 78 S.Ct. 632, 2 L.Ed.2d 672 (1958), the Supreme Court made it clear that "[t]he 'discretion' to punish vested in the District Courts by [18 U.S.C.] § 401 is not * * * unbridled * * *. Appellate courts have here a special responsibility for determining that the power is not abused, to be exercised if necessary by revising themselves the sentences imposed." *Id.* at 188, 78 S.Ct. at 645. The Court has also indicated some of the factors that may be considered in making sentencing determinations:

> [T]he trial judge may properly take into consideration the extent of the willful and deliberate defiance of the court's order, the seriousness of the consequences of the contumacious behavior, the necessity of effectively terminating the defendant's defiance as required by the public interest, and the importance of deterring such acts in the future.

*United States v. United Mine Workers of America*, 330 U.S. 258, 303, 67 S.Ct. 677, 701, 91 L.Ed. 884 (1947), *quoted in United States v. Trudell*, 563 F.2d 889, 893 (8th Cir. 1977).

With reference to these standards, we think that the imposition of five two-year sentences to be served consecutively is excessive. While the consequences of Green's contumacious behavior is, indeed, serious, we are unwilling to hold that it merits a ten-year term of imprisonment. We think a significantly shorter sentence will be sufficient to protect the public interest threat-

ened by Green's conduct. In our view, a sentence greater than five months on each count, to be served consecutively, cannot be justified. We therefore reduce the sentence on each count to five months, to be served consecutively to each other and consecutive to the five-month sentence Green is now serving.

Green's remaining contentions are that the district court erred in denying various of the defendant's motions for assistance in locating and interviewing witnesses; that the district court erred in not holding an evidentiary hearing on Green's allegations that he was denied sufficient access to the prison law library and that certain witnesses had been intimidated; that the prosecuting attorney had made an unfair and prejudicial remark to the jury which constituted plain error; that the district court had erred in limiting Green's cross-examination of a witness; that none of the counts were supported by substantial and sufficient evidence; and that the jury instructions constituted plain error. We have carefully examined the record in the light of each of these contentions and are satisfied that they are meritless.

The judgment of conviction, with the sentence as herein modified, is affirmed.