UNITED STATES of America, Plaintiff,

v.

Joseph Vincent AGOSTO, Deil Otto Gus-
tafson, Roger Frank Newstrum, Ralph
Edwin Bruins, James Louis Bacigalupo,
Joan Lorrain Norris, Defendants.

No. Cr. 3–81–96.

United States District Court,
D. Minnesota,
Third Division.

May 17, 1982.

James M. Rosenbaum, U. S. Atty., Douglas A. Kelley, Thorwald H. Anderson, Asst. U. S. Attys., Minneapolis, Minn., for plaintiff.

John R. Wylde, Minneapolis, Minn., for defendant Agosto.

Joe A. Walters, O'Connor & Hannan, Minneapolis, Minn., for defendant Gustafson.

Gordon G. Busdicker and Jerry W. Snider, Faegre & Benson, Minneapolis, Minn., for defendant Newstrum.

Joseph S. Friedberg and Mark W. Peterson, Minneapolis, Minn., for defendant Bruins.

Steven Z. Kaplan and James W. Littlefield, Briggs & Morgan, St. Paul, Minn., for defendant Bacigalupo.

Douglas W. Thomson, St. Paul, Minn., for defendant Norris.

## MEMORANDUM AND ORDER

DEVITT, Senior District Judge.

This matter is before the court for further proceedings in accordance with the Court of Appeals' instructions in *United States v. Agosto et al.*, 675 F.2d 965 (8th Cir. 1982). That decision reviewed this court's order of December 29, 1981, 528 F.Supp. 1300, disqualifying attorneys Stein, Greenberg and Walters from further representing defendants in this matter. That order was affirmed as to attorney Stein and remanded for further proceedings as to attorneys Walters and Greenberg. On May 10 and 11, 1982 further proceedings were held with regard to attorney Walters' further representation of defendant Gustafson.[1]

The facts of record at the time of the Court of Appeals' decision are set forth more fully in that court's opinion and this court's order of December 29, 1981. In brief, in addition to representing a number of grand jury witnesses in the preindictment stage of this case, attorney Walters represented codefendants Gustafson, Bruins and Newstrum. Some months prior to the indictment, Bruins retained separate counsel. Newstrum was represented by Walters until after his arraignment.

The Court of Appeals has directed this court to conduct further proceedings to determine whether Walters should be disqualified:

In the criminal context, disqualification on the basis of the attorney's receipt of privileged information from a codefendant formerly represented by that attorney should only be considered upon a clear showing that the present and former clients' interest are adverse. Here, there has been no such showing. Gustafson, Norris and Agosto all contend that all of the defendants intend to present a joint defense, and that there, therefore, is no adversity of interests. While defendants Bruins and Newstrum are not on the record as joining in this contention, it appears that they were never asked to state their position. We find that the district court erred in rejecting appellants' assertion of intent to present a joint defense without conducting further inquiry into its validity. On remand, we direct that further inquiry be made.

*Agosto*, at 973.

To that end, this court conducted separate *in camera* hearings with defendants Bruins and Newstrum and counsel. *See* Fed.R.Crim.P. 44, Advisory Committee Notes (1979). The transcripts of the *in camera* proceedings are ordered sealed, and are not to be examined or used for impeachment or for any other purpose by the government or any other party.

---

1. In regard to Greenberg's representation of defendant Agosto, the court remanded for the purpose of obtaining defendant Norris' consent to Greenberg's representation. Because Agosto has discharged Greenberg and local counsel, and this court has granted their motions to withdraw, no further proceedings are necessary.

A thorough inquiry was made of Bruins and Newstrum regarding their intention to present a joint defense with defendant Gustafson. Both Bruins and Newstrum have declined to join in Gustafson's contention that all defendants intend to present a joint defense.[2] This court finds that a clear showing has been made that Bruins and Newstrum have interests in this matter that are adverse to those of Gustafson.[3]

Because we find that the requisite clear showing of adversity of interest has been made, it is then necessary to consider "whether there exists a means of eliminating the potential conflict less burdensome than disqualification." *Agosto*, at 973. The Court of Appeals indicated that this court should inquire of defendants Bruins and Newstrum whether they are willing to consent to Walters' continued representation of Gustafson and to the use of backup counsel by Gustafson to conduct any cross examination of Bruins and Newstrum. *Id.* at 974. With regard to the nature of the consent required, the Court of Appeals stated:

> If Bruins and Newstrum do consent, they will in effect waive any future objections they may have to the fairness of their trial arising as a result of Walters' continued representation of Gustafson

and employment of backup counsel. Thus, in order for the consent to be effective, we hold that it should fulfill all the standards of a knowing and intentional waiver of a constitutional right.

*Id.* at 974, n. 8. Both Bruins and Newstrum have emphatically declined to provide such consent. The Court of Appeals ruled that disqualification should follow: "If they do not consent ... and there is a clear showing of adverse interests, then we concur in the district court's exercise of discretion and disqualify Walters." *Id.* at 974.

Immediately prior to this court's ruling on this matter following the *in camera* proceedings on May 10, 1982, attorney Walters argued for the first time that the Court of Appeals intended that severance be considered as a less restrictive alternative to disqualification. Because this issue had never been previously raised nor briefed, this court permitted Walters to file a motion for severance raising this point.

■ Gustafson argues that severance must be granted merely because this court found that there has been a clear showing of adverse interests between Bruins and Newstrum and Gustafson. Simply because the defendants' positions can be said to be

2. Because of the sensitive constitutional problems that are presented by inquiry into the defenses of criminal defendants, *see United States v. Dolan*, 570 F.2d 1177, 1182, n.8 (3d Cir. 1978), we refrain from detailing the *in camera* discussions and leave examination of the record to the Court of Appeals on the appeal of this order.

3. Although not necessary to support the clear showing made in the *in camera* hearings that the interests of Bruins and Newstrum are adverse to that of Gustafson, other facts of record cast doubt on the good faith and validity of Gustafson's assertion that a joint defense was intended in this case. According to affidavits filed by Douglas A. Kelley, the Assistant United States Attorney responsible for prosecuting this case, and Michael A. DeFeo, Deputy Chief of the Organized Crime and Racketeering Section of the Department of Justice, they attended a meeting with attorney Walters in Washington, D. C. on October 28, 1981. According to these affidavits, at that meeting attorney Walters stated that Gustafson was not aware that the Tropicana Hotel or Production and Leasing, Ltd. had accounts at the Summit State

Bank of Richfield, and that Gustafson was never informed that checks from these entities were bouncing. Walters stated that the bank officers who bounced the checks called directly to Las Vegas or defendant Newstrum regarding bounced checks, and that Newstrum never talked with Gustafson about the problem. The affidavits further related that responsibility for these activities should be placed on the bank officers and ultimately the board of directors, a statement interpreted by government personnel to mean Bruins or Newstrum. At that meeting, Walters stated that he represented defendant Bruins, Newstrum and Gustafson. In actuality, Bruins had retained separate counsel a number of months prior to the October 28, 1981 meeting. Attorney Walters disputes the government personnel's interpretation of his statements. While it is not necessary for this court to resolve the dispute over Walters' intentions at this meeting, the statements made provide a cogent and disturbing example of the dangers inherent in multiple representation of grand jury targets.

generally antagonistic or that one or more defendants may try to save themselves at the expense of the others, does not entitle Gustafson to a severance. *See United States v. Boyd,* 610 F.2d 521, 526 (8th Cir. 1979), *cert. denied sub. nom, Artez v. United States,* 444 U.S. 1089, 100 S.Ct. 1052, 62 L.Ed.2d 777 (1980).

■ Gustafson next contends that severance is a less burdensome means of eliminating his attorney's conflict than disqualification. Gustafson argues that this court has no discretion to deny the motion because his Sixth Amendment right to choose a particular counsel is superior to any other interests favoring a joint trial. It is important to note that there has been no contention that joinder of these defendants and offenses is improper, and an examination of the indictment indicates that defendants and offenses are properly joined. *See* Fed. R.Crim.P. 8; *United States v. Sanders,* 563 F.2d 379, 382 (8th Cir. 1977, *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 767 (1978).

The threshold inquiry which must be made in considering this motion is whether severance will in fact eliminate Walters' conflict. The Court of Appeals found the source of the potential conflict in Canon 4 of the Code of Professional Responsibility requiring Walters to preserve his former client's confidences, and in Canon 5, requiring his loyalty to his former clients. *Agosto,* at 973. In view of Walters' conflict, the danger is that he "may be tempted to use confidential information to the detriment of his former clients . . . ." *Id.*

The conflict in this instance arises because Bruins and Newstrum are not committed to the presentation of a joint defense. The record indicates the likelihood that Gustafson's defense will be first, that no crime was committed, and secondly, that if criminal activity occurred, the culpable parties are other bank officers and directors. Bruins and Newstrum are the natural and obvious targets of such a defense.

In this court's opinion, that likelihood presents irreconcilable ethical problems for attorney Walters which have already been illustrated by the position he took at the preindictment conference with Justice Department personnel. Assuming that this court's duty to supervise the members of its bar, *Coffelt v. Shell,* 577 F.2d 30, 32 (8th Cir. 1978), is an insufficient basis to sustain a disqualification, *see Agosto,* at 969, it is necessary to examine the harm that may befall Bruins and Newstrum in the event of separate trials. *See id.* at 973–974.

The problem of the potential use of confidential information imparted by Bruins and Newstrum could arise in 1) cross examination of Bruins and Newstrum; 2) planning trial strategy; 3) arguing culpability of Bruins and Newstrum to the jury; and 4) examination of other witnesses regarding Bruins' and Newstrum's participation in the alleged offenses. *Id.* at 973. In the event Gustafson's case was severed and Gustafson was tried prior to Bruins and Newstrum, Bruins and Newstrum presumably would not testify at that trial. There remains the possibility, however, that confidential information imparted by Bruins and Newstrum would be used in planning trial strategy, and examining other witnesses. Such use could elicit testimony at trial exculpating Gustafson and inculpating his codefendants. Evidence of this nature would surely be used by the prosecution in the subsequent trial of Bruins and Newstrum.

Trial of Bruins and Newstrum prior to Gustafson avoids the more obvious danger to these defendants in obtaining a fair trial. Walters would still be faced with the temptation to use their confidences in defending Gustafson. There could be the added problem of attempting to cross examine Bruins and Newstrum. The potential detriment to Bruins and Newstrum, while not affecting the disposition of their criminal case, could occur through the evidence that could be used in any civil proceeding against them brought in connection with their alleged criminal activities. Thus, a trial of Bruins and Newstrum prior to Gustafson eliminates neither Walters' ethical dilemma nor the strong potential of detriment to Bruins and Newstrum.

Gustafson argues that neither Bruins nor Newstrum have objected to Walters' representation of Gustafson in a separate trial. Both Bruins and Newstrum have emphatically declined to waive *any* privilege or right they may have that could be adversely affected by Walters' continued representation of Gustafson. That representation poses a real possibility of detriment to Bruins and Newstrum whether there be a joint or separate trial. Accordingly, we hold that a severance will not eliminate Walters' conflict.

■ Even if severance is viewed as a means of eliminating the conflict, it does not automatically follow that severance is required. The Sixth Amendment right to assistance of counsel provides some protection of the right to retain particular counsel. *Id.* at 969, citing *United States v. Cox,* 580 F.2d 317 (8th Cir. 1978), *cert. denied,* 439 U.S. 1075, 99 S.Ct. 851, 59 L.Ed.2d 43 (1979). This right to particular counsel is not absolute. *United States v. Green,* 630 F.2d 566, 568 (8th Cir.), *cert. denied,* 449 U.S. 904, 101 S.Ct. 277, 66 L.Ed.2d 135 (1980); *United States v. Davis,* 604 F.2d 474, 478 (7th Cir. 1979); *United States v. Ostrer,* 597 F.2d 337, 341 (2d Cir. 1979); *United States v. Kitchin,* 592 F.2d 900, 903 (5th Cir.), *cert. denied,* 444 U.S. 843, 100 S.Ct. 86, 62 L.Ed.2d 56 (1979); *United States v. Burton,* 189 U.S.App.D.C. 327, 584 F.2d 485, 489 (D.C.Cir.1978), *cert. denied,* 439 U.S. 1069, 99 S.Ct. 837, 59 L.Ed.2d 34 (1979); *United States v. Dolan,* 570 F.2d 1177, 1182–83 (3d Cir. 1978); *United States v. Vargas-Martinez,* 569 F.2d 1102, 1104 (9th Cir. 1978); *United States v. Poulack,* 556 F.2d 83, 86 (1st Cir.), *cert. denied,* 434 U.S. 986, 98 S.Ct. 613, 54 L.Ed.2d 480 (1977).

Gustafson argues that several cases support his contention that a severance must be granted to preserve his right to proceed with particular counsel. He contends that the holding in *United States v. Gougis,* 374 F.2d 758 (7th Cir. 1967) supports the view that severance should be granted in a multiple representation situation. Gustafson misperceives the holding in that case. There two codefendants were represented by one appointed counsel. The court reversed one defendant's conviction on the ground that he had been denied effective assistance of counsel. Another basis for the reversal was that the defendants were improperly joined under Fed.R.Crim.P. 8(b) because multiple defendants were charged and tried for offenses that were unrelated. This case provides no support for the proposition for which it is offered.

In *United States v. Mardian,* 178 U.S. App.D.C. 207, 546 F.2d 973 (D.C.Cir.1976), the Court of Appeals held that denial of a motion for severance was error where the defendant's attorney became ill and could not continue after two weeks of trial. The motion should have been granted because the defendant had made a "substantial pretrial showing of possible prejudice requiring severance under the *Kelly* doctrine." *Id.* at 979. *See United States v. Kelly,* 349 F.2d 720 (2d Cir. 1965), *cert. denied,* 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966). More importantly, the severance motion should have been granted because the government did not oppose the motion. *Id.* at 980. Neither of these two factors is present in the instant case.

In *Case v. North Carolina,* 315 F.2d 743 (4th Cir. 1963), the Court granted habeas corpus relief to a defendant on the ground that he was denied effective assistance of counsel because he and his codefendant were jointly represented by one attorney. This violation of his Sixth Amendment right to effective assistance of counsel was occasioned by the trial court's refusal to grant a severance when the conflict was brought to its attention. This court disagrees that this case mandates severance in order to preserve a defendant's desire to proceed with a particular counsel. There has been no allegation nor any showing that Gustafson's right to *effective* assistance of counsel will be jeopardized in any way by a joint trial.

■■ A motion for severance pursuant to Fed.R.Crim.P. 14 is addressed to the sound discretion of the trial court. *United States v. Boyd,* 610 F.2d at 525; *United States v. Jackson,* 549 F.2d 517, 523 (8th

Cir.), *cert. denied sub. nom, Muhammad v. United States,* 430 U.S. 985, 97 S.Ct. 1682, 52 L.Ed.2d 379, *Jardan v. United States,* 431 U.S. 923, 97 S.Ct. 2195, 53 L.Ed.2d 236, *Hudson v. United States,* 431 U.S. 923, 97 S.Ct. 2195, 53 L.Ed.2d 236, *Mims v. United States,* 431 U.S. 968, 97 S.Ct. 2928, 53 L.Ed.2d 1064 (1977). Severance will only be granted upon a showing of real prejudice to an individual defendant. *Id.* In order to establish that this court has no discretion to deny a severance, a defendant must show it is necessary to insure a fair trial. *United States v. Boyd,* 610 F.2d at 525.

■ A trial is not automatically rendered fundamentally unfair by disqualifying particular counsel and requiring a defendant to proceed with new counsel. *See United States v. Lespier,* 558 F.2d 624, 629 (1st Cir. 1977); *see also, Paullet v. Howard,* 634 F.2d 117, 119 (3d Cir. 1980); *United States v. Poulack,* 556 F.2d at 86. Notwithstanding Gustafson's understandable preference to continue with counsel who represented him during the preindictment stage of this matter, he has made no showing that Walters is the only lawyer who could adequately represent him. *See United States v. Kitchin,* 592 F.2d at 904–05. Because the essential fairness of Gustafson's trial will not be impaired by denying severance, it is appropriate to evaluate other factors in considering this motion. *See United States v. Bridgeman,* 173 U.S.App.D.C. 150, 523 F.2d 1099, 1107 (D.C.Cir.1975), *cert. denied,* 425 U.S. 961, 96 S.Ct. 1743, 48 L.Ed.2d 206 (1976).

■ Weighing against Gustafson's desire to proceed separately to trial with a particular counsel is the policy favoring a joint trial of jointly indicted defendants, particularly in conspiracy cases. *See United States v. Jackson,* 549 F.2d at 525. There is a substantial public interest in joint trials in such cases. *See Parker v. United States,* 404 F.2d 1193, 1196 (9th Cir. 1968), *cert. denied,* 394 U.S. 1004, 89 S.Ct. 1602, 22 L.Ed.2d 782 (1969). The burden on the government, on the judicial system, and on disinterested witnesses that would be occasioned by more than one trial in this case outweighs Gustafson's interest in proceeding with Walters as his attorney. *See United States v. Milham,* 590 F.2d 717, 722 (8th Cir. 1979); *see also,* Geer, *Representation of Multiple Criminal Defendants: Conflicts of Interest and the Professional Responsibilities of the Defense Attorney,* 62 Minn.L. Rev. 119, 144, n. 90 (1978). This is especially true in the instant case where the trial is predicted to be a lengthy one.

This court is charged with the duty to insure that the administration of justice proceed in a reasonably orderly and efficient manner. This goal is best served in this instance by a joint trial. Accordingly, we hold that severance is not a less restrictive alternative to disqualification of attorney Walters.

*Summary*

Based upon the foregoing, this court holds that there has been a clear showing of an adversity of interest between defendants Bruins and Newstrum and defendant Gustafson resulting in a conflict of interest for attorney Walters. Because Bruins and Newstrum will not execute informed consents to Walters' continued representation of Gustafson or to the employment of back-up counsel, and because there are no less restrictive alternatives to disqualification, attorney Walters is hereby disqualified. Defendant Gustafson's motion for severance is DENIED.