**Frank Ellis LEE, Plaintiff,**

v.

**Ben TODD, Defendant.**

No. 81–2581.

United States District Court, W.D. Tennessee, W.D.

Dec. 23, 1982.

James F. Schaeffer, Memphis, Tenn., for plaintiff.

Kemper B. Durand, Memphis, Tenn., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S ATTORNEY

McRAE, Chief Judge.

Presently before the Court is the defendant's motion for an order disqualifying the plaintiff's attorneys from further representation of the plaintiff in this case on the ground that the plaintiff's attorneys allegedly have a conflict of interest and are otherwise in violation of the code of Professional Responsibility. In response to the defendant's Motion, the plaintiff argues that there is no conflict of interest or any other ethical basis to justify the disqualification of plaintiff's attorney, James F. Schaeffer, who has represented the plaintiff, Frank Ellis Lee, in these proceedings since December 1975.

Both parties agree that on January 30, 1975, the plaintiff employed the defendant, Ben Todd, to represent the plaintiff in a medical malpractice claim which arose from the alleged misapplication of a cast on February 1, 1974. Both parties also agree that the defendant, acting then through attorney Bob Tribble, filed a complaint on January 31, 1975, the last day of the period of limitations, and entered a voluntary dismissal on the same day without causing a summons to issue.

Defendant Ben Todd alleges that prior to the refiling of that case Mr. Todd associated James F. Schaeffer and thereafter discussed the factual background of the matter with him in December 1975. Neither side disputes the fact that Mr. Todd and Mr. Schaeffer had agreed to divide the responsibility of Mr. Lee's case on an 80 percent/20 percent contingent arrangement. Plaintiff's attorney James F. Schaeffer points out, however, that on December 29, 1976, Mr. Todd made the seemingly contradictory statement that Mr. Todd was "not in any way connected with [that] lawsuit [*Lee v. Crenshaw*]."

Thereafter, the complaint against Dr. Crenshaw and others, Civil Action No. C–76–34, was filed on January 28, 1976, in this Court. The plaintiff's attorney of record in that case was the Law Offices of James F. Schaeffer and James F. Schaeffer. Mr. Todd, however, sent Mr. Schaeffer a copy of his entire file on February 3, 1976, and apparently reconfirmed the contingent fee arrangement and division of responsibility.

In the civil action against Dr. Crenshaw (styled *Lee v. Crenshaw*), Dr. Crenshaw's defense attorneys responded to the Complaint with a Motion for Summary Judgment, alleging that the Statute of Limitations had not been tolled by the voluntary dismissal. Mr. Todd alleges that he and Mr. Schaeffer conferred from time to time in person, by letter, and by telephone, to discuss the Statute of Limitations question, and they apparently agreed that due to the unique nature of the problem, Mayo Coiner, Professor of Law at Memphis State University, should be brought into the case for assistance in the legal and factual issues involved with the statute of limitation defense. Subsequently, the defendant herein alleges, attorneys Schaeffer, Coiner, and Todd, discussed the various matters in preparation for the oral argument of the medical defendants' Motion for Summary Judgment.

Based upon the factual background surrounding the voluntary dismissal of the Cir-

cuit Court case and upon the legal issues involved, Schaeffer and Coiner argued before then Chief District Judge Bailey Brown on April 9, 1976. When the motion was granted, an appeal was taken to the United States Court of Appeals for the Sixth Circuit. While it is not clear to what extent Mr. Schaeffer himself was involved in the appeal, both Mr. Schaeffer and Professor Coiner were listed as counsel for the plaintiff Frank Lee. On appeal, Professor Coiner advocated that Ben Todd had not acted improperly in the manner by which the Circuit Court case was voluntarily dismissed.

The Court of Appeals remanded the matter to the District Court for certain findings of fact. An evidentiary hearing was held at which Mr. Todd testified. His position was advocated by Lloyd McDougal, an attorney then practicing in Mr. Schaeffer's office. At the time Mr. Todd testified, he withdrew from any further involvement in the case since it was apparent that Mr. Todd was going to be a witness in the cause.

After adverse findings and conclusions by the District Court, an appeal was again taken to the Sixth Circuit. Mr. Schaeffer's firm again appeared as attorney of record for Mr. Todd's position in the second appeal. On this second appeal, however, the Court of Appeals affirmed the District Court's action granting the motion for summary judgment, and the case of *Lee v. Crenshaw* was dismissed.

Mr. Schaeffer, acting as attorney for Mr. Lee, then filed the instant lawsuit alleging that Mr. Todd had been professionally negligent in his handling of *Lee v. Crenshaw.* In response to the defendant's Motion to Disqualify, the plaintiff's attorney argues that throughout *Lee v. Crenshaw* he steadfastly represented the interests of his client and that he has owed loyalty to his client rather than to Mr. Todd. Furthermore, the plaintiff argues that the defendant's motion has no substantive merit but is motivated by a desire to coerce settlement. As support for this last argument, the plaintiff points to the fact that the instant motion comes over a year after the instant suit was filed but shortly following refusal by Mr. Lee of offer of settlement by the defendant Todd's attorney.

In dealing with a Motion to Disqualify, this Court is charged with the responsibility of supervising the members of its bar and, in exercising that responsibility, must consider the American Bar Association Code of Professional Responsibility, the duty to maintain public confidence in the legal profession, and the duty to insure the integrity of the judicial proceeding. *United States v. Agosto,* 675 F.2d 965 (8th Cir.), on remand 538 F.Supp. 1149 (D.Minn.1982). In exercising its supervisory powers over lawyers appearing before it, this Court has broad discretion to determine who will practice before it and to monitor the conduct of those who do. *United States v. Dinitz,* 538 F.2d 1214 (5th Cir.), rehearing denied 542 F.2d 1174, cert. denied 429 U.S. 1104, 97 S.Ct. 1133, 51 L.Ed.2d 556 (1976).

Defendant's attorney has claimed that Mr. Schaeffer has violated Canons 4, 5, and 9 of the Code of Professional Responsibility, which has been adopted by this Court as part of its Local Rules. The Court notes that Canons 4 and 5 deal with a lawyer's conduct with respect to his client(s). Although Mr. Schaeffer has worked with Mr. Todd during part of this litigation, Mr. Schaeffer has. never had Mr. Todd as a client and, therefore, has never owed to Mr. Todd those various duties a lawyer owes to his client.

There is, however, a possibility that Mr. Schaeffer will be called as a witness in this case. Therefore Mr. Schaeffer is put on notice that he may be in violation of Disciplinary Rule 5–102 which requires a lawyer's withdrawal as counsel when the lawyer must become a witness and of ethical consideration 5–9 which cautions that a lawyer should not be both advocate and witness in the same case.

Canon 9 of the Code of Professional Responsibility pertains most to the instant case. It forbids that "[a] lawyer should avoid even the appearance of [p]rofessional [i]mpropriety." The ethical considerations

explicitly underlying that Canon emphasize that a lawyer should direct his conduct so as to ensure that public confidence in our legal system is not diminished. The disciplinary rules that seek to enforce this Canon dictate that a lawyer should not "[e]ngage in conduct that is prejudicial to the administration of justice" or "... in any other conduct that adversely reflects on his fitness to practice law."

■ Even if this Court assumes that all of the plaintiff attorney's arguments are true—namely, that Mr. Schaeffer has owed duties of loyalty to his client rather than to Mr. Todd—this Court cannot ignore the clear appearance of impropriety in this case. In this Court's opinion, plaintiff's attorney cannot avoid the appearance of impropriety by having worked with defendant Todd intermittently throughout *Lee v. Crenshaw* and by now assuming the position of lead counsel in a suit alleging that Mr. Todd engaged in legal malpractice during a phase of that litigation. The defendant correctly notes that while Mr. Schaeffer did not participate in *Lee v. Crenshaw* when it was filed in state court, Mr. Schaeffer did subsequently appear as an attorney of record before this Court and in the Sixth Circuit Court of Appeals to advocate the correctness of Mr. Todd's actions. Interestingly, if Mr. Schaeffer had himself been successful in those earlier appearances, this lawsuit might not now be before this Court.

Mr. Schaeffer has repeatedly argued before this Court that his actions throughout the evidentiary hearings and appeal in *Lee v. Crenshaw* were guided by loyalty to his client, Mr. Frank Ellis Lee. This Court notes, however, that shortly after Judge Bailey Brown's first dismissal of *Lee v. Crenshaw* on April 9, 1976, and before the first appeal in that case, Mr. Schaeffer wrote a letter to Mr. Lee dated April 14, 1976, in which Mr. Schaeffer suggested to his client that there existed a possible legal malpractice action against Mr. Todd "if the appeal is unsuccessful." If Mr. Schaeffer had seriously believed a legal malpractice action existed against Mr. Todd at the time Mr. Schaeffer had written his letter, Mr.

Schaeffer should not have proceeded with an appeal designed to vindicate Mr. Todd's conduct. If Mr. Schaeffer had not believed that there existed an action against Mr. Todd for legal malpractice, Mr. Schaeffer should not have written the letter.

The case law arising under Canon 9 indicates that there must be a reasonable possibility that some specifically identifiable impropriety occurred, and this Court must weigh the likelihood of public suspicion against the interest in retaining counsel of one's choice. See, e.g., *Church of Scientology of California v. McLean,* 615 F.2d 691 (5th Cir.1980). This Court is also of the opinion that Mr. Todd and Mr. Schaeffer worked together closely enough in *Lee v. Crenshaw* to raise the reasonable possibility that Mr. Schaeffer is aware not only of any strategy on Mr. Todd's part but also of any reasonable explanation or arguable legal basis for Mr. Todd's conduct. Indeed, Mr. Schaeffer's conduct throughout *Lee v. Crenshaw* suggested to this Court and to the Court of Appeals that Mr. Todd's conduct was defensible. This Court finds further that Mr. Schaeffer possesses an undue advantage in this case by suing another lawyer whose conduct he earlier sought to defend, even if the defense took place as part of Mr. Schaeffer's defense of a client. Mr. Schaeffer not only has in effect been on both sides of this litigation, but it could be said that it appears that he had been preparing to sue Mr. Todd for legal malpractice before completing his defense of Mr. Todd's conduct in *Lee v. Crenshaw.*

■ Under the case law that has developed enforcing Canon 9 of the Code of Professional Responsibility, Canon 9 may support a Motion to Disqualify even without proof of actual wrongdoing. *Westinghouse Electric Corp v. Rio Algom Ltd.,* 448 F.Supp. 1284 (N.D.Ill.), affirmed in part and reversed in part 580 F.2d 1311 (7th Cir.), *cert. denied,* 439 U.S. 955, 99 S.Ct. 353, 58 L.Ed.2d 346 (1978). An appearance of impropriety on the part of counsel requires prompt remedial action by the Court. *Emle Industries, Inc. v. Patentex, Inc.,* 478 F.2d 562 (2d Cir.1973). Moreover, the axiom

that a lawyer should avoid even the appearance of professional impropriety may, in some instances, require a lawyer to decline otherwise ethical representation of a client if the representation would appear to be improper and, thus, tend to diminish public confidence in the legal system. *Cannon v. U.S. Acoustics Corp.*, 398 F.Supp. 209 (N.D. Ill.1975). Finding that Mr. Schaeffer's conduct in the instant case has the appearance of impropriety and that Mr. Schaeffer's conduct has the effect of diminishing public confidence in our legal system, this Court must grant defendant's Motion to Disqualify.

■ It is troublesome to this Court, however, that the attorney for the defendant in the instant case has filed the motion to disqualify attorney Schaeffer over one year after the suit was originally filed. Indeed, some courts have held that undue delay bars any effort to disqualify the adversary's counsel. *United States v. Newman*, 534 F.Supp. 1113 (S.D.N.Y.1982). A motion to disqualify an attorney should typically be made with reasonable promptness after a party discovers facts which support such a motion and should not be used as a tool to coerce settlement. See *Jackson v. J.C. Penney Co., Inc.*, 521 F.Supp. 1032 (N.D.Ga. 1981); and Canons 4, 5, and 9 of the Code of Professional Responsibility. This Court must balance any prejudice caused to the plaintiff by the untimely nature of defendant's motion with the Court's and the bar's concern that some conduct which is in fact ethical may appear unethical and thereby could erode public confidence in the judicial system or the legal profession, *Woods v. Covington County Bank*, 537 F.2d 804 (5th Cir.1976); and *Society for Good Will to Retarded Children, Inc. v. Carey*, 466 F.Supp. 722 (E.D.N.Y.1979). At the same time, this Court remains conscious of the need to keep both the public and the private segments of the profession above suspicion, and courts have disqualified attorneys under the appearance of evil doctrine even though the record was free of any evidence of actual wrongdoing. *Id;* and *International Business Machines Corp. v. Levin,* 579 F.2d 271 (3rd Cir.1978).

■ In the instant case, defendant's attorney, Kemper Durand, wrote a letter to the Chief Disciplinary Counsel of the Board of Professional Responsibility of the Supreme Court of Tennessee, dated November 24, 1981, regarding possible ethical problems in the instant case. On December 3, 1981, Kemper Durand wrote to Mr. Schaeffer regarding possible ethical problems in the instant case. The complaint in this case was filed July 9, 1981; and both sides in this case have indicated that settlement negotiations have been conducted between the parties not only prior to the filing of the complaint in this case but also up until the filing of the pending motion. There is no suggestion that the settlement negotiations undertaken in the instant case were not in good faith. Accordingly, if delay in filing a motion to disqualify counsel appears to be related to the progress of good faith settlement negotiations and if it is supported by the record, the motion should not be denied because of laches. *Connell v. Clairol, Inc.,* 440 F.Supp. 17 (N.D.Ga.1977).

Following the dictates of the Code of Professional Responsibility in preserving the integrity of our legal system, this Court grants the defendant's Motion to Disqualify. Following DR 5–105(D), this Court must likewise prohibit any other attorney in Mr. Schaeffer's office from handling this case. In an effort to ensure that the plaintiff himself is not prejudiced by this Order, the Court stays these proceedings until such time that the plaintiff has been able to retain counsel.

IT IS SO ORDERED.