## Kenney COFFEY *v.* STATE of Arkansas

CR 77-21                                550 S.W. 2d 778

Opinion delivered May 23, 1977
(Division I)

*Harkey, Walmsley & Belew,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Terry Kirkpatrick,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. This is an appeal from a jury verdict finding the appellant guilty of theft and sentencing him to 18 months in the Arkansas State Department of Corrections.

The evidence stated in the light most favorable to the jury verdict shows that the appellant and two friends broke into the business of R. D. Wilmans and Sons in 'Jackson County, Arkansas and stole 52 cans of Treflan on or about

March 4, 1976. The appellant raises two points hereinafter discussed.

POINT I. The appellant argues that the court erred in overruling his motion for directed verdict at the conclusion of the State's proof for the reason that the State did not corroborate the testimony of the two accomplices who testified against him. We find no merit to this contention in that there was more than enough evidence to corroborate the accomplices' testimony by connecting the appellant with the commission of the crime. See Ark. Stat. Ann. § 43-2116 (Repl. 1964). Roger Evans, a farmer and former employer of the appellant, received a phone call shortly after the break-in from a man who identified himself as the appellant and who offered to sell Treflan to him. Mr. Evans testified that he was unable to identify appellant as the caller. Michael Webb testified that he loaned his pickup truck to the accomplices and a third person who resembled the appellant around March 5, 1976, between 10:00 and 10:30 p.m. and that they did not return the truck until between 2:00 and 4:00 a.m. the next morning. D. B. Casteel, a Deputy Sheriff at the time of the break-in, testified that the appellant told him that the first he knew of the burglary was when he had driven past Wilman's around 11:00 a.m. the day after the break-in and noticed the broken glass where the intruders had entered the building. However, the evidence showed the broken glass had been replaced by 9:30 that morning. Also, the evidence showed that the appellant and Mike Long, one of the accomplices, picked up a $100 check from Ed Thompson made out to Mark Wadley, Hershell Wadley's brother, as an advance on some of the Treflan. However, Mark Wadley testified that his brother and Mike Long, the accomplices, and the appellant told him to cash the check as it was a loan from Ed Thompson to Hershell. Therefore, we find the State met its burden of corroborating the accomplices' testimony by connecting the appellant with the commission of the crime.

POINT II. Appellant argues that the court erred in denying his motion for mistrial when the court, at the suggestion of the prosecuting attorney, required the appellant to speak the words "This is Kenneth Coffey" in open court. It is asserted this violated appellant's Fifth Amendment right

against self-incrimination. We find no merit to this contention.

Appellant could not possibly be prejudiced by the incident since the witness stated that he still cuuld not say that the telephone caller was appellant. The sole purpose of having the appellant stand up in open court and make the statement was so that Roger Evans could properly determine if the voice on the telephone was the same as the appellant's. The privilege against self-incrimination applies to evidence of communication or testimony of the accused, but not to real or physical evidence derived from him. See *People* v. *Ellis,* 65 Cal. 2d 529, 55 Cal. Rptr. 385, 421 P. 2d 393 (1966). We feel that the evidence derived from the appellant falls in the latter category in that it was merely used to identify the voice of the appellant. As was said in *People* v. *Ellis, supra,* "In such a test, the speaker is asked, not to communicate ideas or knowledge of facts, but to engage in the physiological processes necessary to produce a series of articulated sounds, the verbal meanings of which are unimportant. The sounds alone are elicited for identification purposes through characteristics such as pitch, tone, intonation, accent, and word stress. The speech patterns of individuals are distinctive physical characteristics that serve to identify them just as do other physical characteristics such as color of eyes, hair, and skin, physical build and fingerprints." See also *United States* v. *Wade,* 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967).

Accordingly, the appellant's right against self-incrimination was not violated.

Affirmed.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.