Curtis URQUHART *v.* STATE of Arkansas

CR 81-35                                    621 S.W. 2d 218

Supreme Court of Arkansas
Opinion delivered September 21, 1981

*Leon N. Jamison*, for appellant.

*Steve Clark*, Atty. Gen., by: *Victra L. Fewell*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Curtis Urquhart defended a rape and burglary charge on the basis that the woman consented to sexual intercourse; he claimed she invited him into her home. The woman, a deaf-mute, and Urquhart knew each other by sight because Urquhart frequently visited in the neighborhood.

The jury chose to believe the victim and Urquhart was sentenced to fifteen years for burglary, forty years and a $4,000.00 fine for rape, the sentences to run consecutively.

We fine no merit to the four allegations of error and affirm the judgment.

The woman testified that she was awakened during the night of July 17, 1980, by a man who had one hand on her mouth and the other on her neck. She said she tried to resist but was unable to prevent the rape. During the episode she felt what she thought was a large scar on the man's shoulder. She said she was able to see her assailant when he left the house and knew it was Urquhart. She immediately went to a neighbor's residence who took her to a friend's house who understood sign language. She told the friend she was raped by Urquhart. They went to the police station where she again reported the rape, describing her assailant who she said again was Urquhart. She spoke to the police through her friend.

The police, in their investigation, found a palm print in her apartment and evidence that the door had been forced. After Urquhart was arrested they found he had a large scar on his shoulder and photographed it. The palm print matched Urquhart's.

It is first alleged that the court improperly admitted the photograph of the scar and the palm print. There was no objection made to this evidence at trial and its admissibility will not be considered on appeal. *Smith* v. *State*, 268 Ark. 282, 595 S.W. 2d 671 (1980). The court did require Urquhart to remove his shirt before the jury and exhibit the scar. The defense objected, arguing that this violated the fifth amendment to the United States Constitution which prohibits compelled self-incrimination. The argument must fail for two reasons. The fifth amendment only protects evidence of a testimonial or communicative nature and he suffered no prejudice. In *Schmerber* v. *California*, 384 U.S. 757 (1966), a defendant was forced to give blood samples which were to be used to prove he was intoxicated. In *Coffey* v. *State*, 261 Ark. 687, 550 S.W. 2d 778 (1977), a defendant was required to speak so his voice could be recorded for identification. In *Williams* v. *State*, 239 Ark. 1109, 396 S.W. 2d 834 (1965), a photograph of a scar on the defendant's chest was admitted. In determining whether evidence is testimonial in nature the courts look to see if the activity performed is for the purpose of communication, such as a gesture; if it is, the activity is privileged. *McCormick on Evidence*, § 124 (1972). In any event, there could have been no possible prejudice to him because he conceded in his opening statement that the issue would not be his identity but whether there was consent.

A general allegation is made that the victim's friend and the police officer, to whom the victim first related her story, were allowed to repeat in court what she told them, violating the hearsay rule. There is no doubt that the judge was too lenient in this regard; however, there was no possible prejudice because the only material facts the witnesses related beyond the fact she reported she had been raped, was her description of the assailant, a matter that was not in issue.

Generally, a rape victim's report to a third party that a rape occurred is admissible. It is admitted to prove she did not remain silent, or sometimes as an excited utterance. *Pleasant* v. *State*, 15 Ark. 624 (1855). Normally the details of her report are not admissible. *Gabbard* v. *State*, 225 Ark. 775, 285 S.W. 2d 515 (1956); *Lindsey* v. *State*, 213 Ark. 136, 209

S.W. 2d 462 (1948); *Williams* v. *State*, 66 Ark. 264, 50 S.W. 517 (1899); *Davis* v. *State*, 63 Ark. 470, 39 S.W. 356 (1897). Sometimes the details are admitted to rehabilitate a witness whose testimony is seriously questioned or impeached. Ark. Stat. Ann. § 28-1001, Rule 801 (Repl. 1979). There was no basis for admitting in this case anything except the fact she reported the rape, but as we have explained, Urquhart was not prejudiced by the error.

Urquhart questions the sufficiency of the evidence, but we have said repeatedly that the testimony of a victim of rape does not have to be corroborated by other testimony. It is the jury's function to decide whom to believe, not this court's. There was substantial evidence of Urquhart's guilt. *Kitchen* v. *State*, 271 Ark. 1, 607 S.W. 2d 345 (1980).

Urquhart's counsel asked that the two prison sentences run concurrently; the state asked for consecutive sentences. The judge said he would take the matter under advisement. Evidently he did. A week later he entered an order for the terms to be served consecutively. It is argued that the judge did not use any discretion in ordering consecutive sentences and that *Acklin* v. *State*, 270 Ark. 879, 606 S.W. 2d 594 (1980) requires reversal of that order. [See also *Woolsey* v. *United States*, 478 F. 2d 139 (8th Cir. 1973)]. In *Acklin* the judge said that his customary rule was to impose consecutive sentences when the jury decided the sentences. We held that that was not discretion. But there is no rule that requires a trial judge to set forth in writing that he has exercised discretion. Since this is a matter within his discretion we will not presume he did not exercise that discretion unless there is some indication otherwise. Being none shown, the judgment is affirmed.

Affirmed.