**Curtis W. URQUHART, Petitioner,**

v.

**A.L. LOCKHART, Director Arkansas Department of Correction, Respondent.**

**No. PB-C-82-151.**

United States District Court,
E.D. Arkansas,
Pine Bluff Division.

March 2, 1983.

---

Curtis W. Urquhart, pro se.

Theodore Holder, Asst. Atty. Gen., State of Ark., Little Rock, Ark., for respondent.

## MEMORANDUM OPINION

ROY, District Judge.

The Court has received a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 from Curtis W. Urquhart, an inmate at the Tucker Unit of the Arkansas Department of Correction. In support of the re-

lief sought, petitioner has set forth eleven grounds. Several of the separate grounds allege the same violation or are overlapping and they will be considered in that manner; however, they are set out individually as follows: (1) the trial court erred in requiring petitioner to remove his shirt so the jury could view a scar and in admitting a photograph of the scar; (2) the trial court erred in allowing prejudicial hearsay; (3) the evidence was insufficient to support a finding of guilt; (4) the trial court erred in ordering the sentences to be served consecutively; (5) the jury panel was improperly composed; (6) the trial court erred in not providing the defense with its own interpreter; (7) petitioner was denied the effective assistance of counsel; (8) the trial court erred in not permitting petitioner to retain counsel; (9) the charge of burglary was not adequately proven; and (11) petitioner was subjected to an unlawful search and seizure. Respondent requests that the petition be dismissed without an evidentiary hearing.

On September 30, 1980, in the Jefferson County Circuit Court, petitioner was convicted of rape and burglary. He was sentenced to forty years for rape and fifteen years for burglary, with the two sentences to run consecutively. He appealed the convictions to the Arkansas Supreme Court, raising four of the issues raised in this petition. On September 21, 1981, the Arkansas Supreme Court affirmed petitioner's convictions. *Urquhart v. State*, 273 Ark. 486, 621 S.W.2d 218 (1981). Petitioner subsequently filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Arkansas, but that petition was dismissed on April 13, 1982, for failure to exhaust available state remedies (Case No. PB–C–81–364).

■ On March 22, 1982, petitioner filed a petition in the Arkansas Supreme Court for permission to proceed pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure, Ark.Stat.Ann., Vol. 4A (Repl.1977). The petition was denied in a *per curiam* opinion delivered on April 12, 1982. Petitioner then attempted to file a second Rule 37 petition on April 28, 1982, but the peti-

tion was not considered by the Arkansas court pursuant to Rule 37.2(b), which requires that all grounds must be raised in the original petition. Petitioner then filed this application, and, although there are some grounds that were not presented to the Arkansas courts, it appears that any attempts to further litigate the claims in the state courts would be futile. Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) has been met. *Rodgers v. Wyrick*, 621 F.2d 921 (8th Cir.1980); *accord*, *Shane v. Iowa*, 581 F.2d 727 (8th Cir.1978); *Eaton v. Wyrick*, 528 F.2d 477 (8th Cir. 1975).

### I. Sufficiency of the Evidence

■ Petitioner challenges the sufficiency of the evidence in three respects: that the alleged victim's testimony, standing alone, was not sufficient to support the guilty verdict; that there was insufficient evidence to support the burglary conviction; and that there was insufficient evidence to support the rape conviction. The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The standard that federal habeas corpus courts apply when reviewing an allegation of insufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact would have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). "This familiar standard gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* at 319, 99 S.Ct. at 2789.

The pertinent factual background leading to petitioner's conviction was summarized in the following fashion by the Arkansas Supreme Court:

The woman testified that she was awakened during the night of July 17, 1980, by a man who had one hand on her

mouth and the other on her neck. She said she tried to resist but was unable to prevent the rape. During the episode she felt what she thought was a large scar on the man's shoulder. She said she was able to see her assailant when he left the house and knew it was Urquhart. She immediately went to a neighbor's residence who took her to a friend's house who understood sign language. She told the friend she was raped by Urquhart. They went to the police station where she again reported the rape, describing her assailant who she said again was Urquhart. She spoke to the police through her friend.

The police, in their investigation, found a palm print in her apartment and evidence the door had been forced. After Urquhart was arrested they found he had a large scar on his shoulder and photographed it. The palm print matched Urquhart's.

273 Ark. at 487, 621 S.W.2d 218. Petitioner bases his challenge to the sufficiency of the evidence on his assertions that he was invited into the victim's apartment and that she voluntarily submitted to the sexual activity. He argues that his fingerprints were not on the door and there was no evidence to indicate that any force was employed to cause the victim to yield. Finally, petitioner contends that the victim's testimony, standing alone, was not enough to sustain a conviction for rape. After considering these arguments, this Court finds them to be without merit.

■ A state appellate court judgment rejecting a challenge to the sufficiency of the evidence is entitled to great deference by federal courts. *Jackson v. Virginia, supra* 443 U.S. at 323, 99 S.Ct. at 2791. In ruling that there was sufficient evidence to support petitioner's convictions, the Arkansas Supreme Court stated that well-established Arkansas law indicated that the testimony of a victim of rape need not be corroborated by other testimony. 273 Ark. at 489, 621 S.W.2d 218. In this case, as petitioner admits, the jury had to decide between his version of the incident and that related by the victim. Based on this

Court's examination of the record, there was sufficient evidence to enable a rational trier of fact to find beyond a reasonable doubt that petitioner had committed the offenses.

## II. Alleged Errors by the Trial Court

Petitioner alleges that the trial court committed constitutional error at several points during the course of the criminal proceedings against him. He maintains that the trial court erred in not granting him permission to seek retained counsel prior to trial; in not allowing him to have his own interpreter; in requiring him to stand and remove his shirt so as to reveal the presence of a shoulder scar to the jury as well as admitting photographic evidence of the scar; in admitting prejudicial hearsay; and in ordering that the sentences he received be served consecutively.

■ Petitioner contends that the trial court erred in not granting him a continuance in order that he could retain private counsel. He states that shortly before trial he informed his court-appointed attorney that his mother was going to retain counsel to represent him. However, in the two and one-half months between his arrest and trial, there is nothing to indicate that anything was done in the furtherance of this proposed course of action. The Sixth Amendment right to assistance of counsel provides some protection of the right to retain particular counsel, but the right to particular counsel is not absolute. *United States v. Agosto*, 538 F.Supp. 1149 (D.Minn. 1982).

■ Factors to be considered in reviewing an allegation of this type include the opportunity for appointed counsel to prepare a defense; the court's duty to bring a case to trial in vindication of the public's interest in prompt, effective, and efficient administration of justice; whether the requested delay is an attempt to manipulate a trial or otherwise interfere in the judicial process; and whether the delay would deprive the court of its inherent powers to control the process. *See, United States ex*

*rel. Spurlark v. Wolff,* 683 F.2d 216 (7th Cir.1982); *Linton v. Perini,* 656 F.2d 207 (6th Cir.1981); *United States v. Burton,* 584 F.2d 485 (D.C.Cir.1978). Under the circumstances of this case, it cannot be said that the trial court erred in not granting a continuance. The question was not presented to the court until the day of the trial, and petitioner did not have private counsel already retained but wanted more time to try to retain counsel. His appointed counsel had had ample time to prepare his defense, and there is nothing to indicate that he was not prepared. Petitioner's Sixth Amendment right to counsel was not violated.

 Petitioner's assertion that constitutional error was committed when the trial court did not provide the defense with its own interpreter is without merit. The victim of the alleged rape was a deaf woman whose principal method of communication was through sign language. Her testimony was relayed to the court and jury through an interpreter. This issue was not raised at the trial level or on direct appeal and the appellate court refused to consider the question in the Rule 37 petition for failure to make a timely objection. *Urquhart v. State,* Ark., 631 S.W.2d 304 (April 12, 1982). Where a petitioner fails to comply with state procedural rules and the state relies on that non-compliance in dismissing the issue, federal habeas corpus courts are precluded from considering the question unless the petitioner can demonstrate cause for the non-compliance and the resultant prejudice. *Ulster County Court v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Euell v. Wyrick,* 675 F.2d 1007 (8th Cir.1982). Petitioner has failed to demonstrate cause for the failure to object at trial and that any prejudice resulted. There appears to have been nothing improper in the manner in which the deaf victim was allowed to testify.

 Petitioner next maintains that it was improper for the trial court to order him to remove his clothing and display a scar on his shoulder. He also contends that

error occurred when a photograph of his scar was allowed into evidence. His contention that this constituted a violation of his right against self-incrimination is without merit. It has long been established that the privilege against self-incrimination does not encompass the compulsion to submit to fingerprinting, to being photographed and/or measured, to write or speak for identification, to appear in court, to assume a stance, to walk, or to make a particular gesture. *United States v. Euge,* 444 U.S. 707, 713, 100 S.Ct. 874, 879, 63 L.Ed.2d 141 (1980); *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); *Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). It is clear that the events of which petitioner complains are of a non-testimonial and non-communicative nature and do not fall within the protection of the Fifth Amendment.

 Petitioner challenges the trial court's admission of certain hearsay testimony. In considering this issue, the Arkansas Supreme Court acknowledged that the trial judge had been "too lenient in this regard," but went on to find that there was no possibility of prejudice because the only matters which were related pertained to a description of the assailant which was not disputed. *Urquhart v. State,* 273 Ark. at 488, 621 S.W.2d 218. Issues concerning the admissibility of evidence are generally not cognizable in a federal habeas corpus proceeding unless the claimed error amounts to either an infringement of a specific constitutional right or a denial of due process. *Davis v. Campbell,* 608 F.2d 317, 318 (8th Cir.1979); *Cooper v. Campbell,* 597 F.2d 628 (8th Cir.1979). Such a situation does not present itself here as there has been no showing of prejudice resulting from the admission of the challenged testimony relating to matters which were not in issue or otherwise established by competent evidence.

 Petitioner lastly argues that the trial court erred in ordering that the sentences he received be served consecutively. Again, this question was considered by the Arkansas Supreme Court on direct appeal, and it was determined that this was a mat-

ter within the discretionary power of the trial court and that there was no showing that that power had been improperly exercised. This Court finds that it must agree with that analysis and that there is nothing in the record to support petitioner's conclusory allegation.

### III. Ineffective Assistance of Counsel

Petitioner alleges that his trial counsel rendered ineffective assistance and offers several examples in support of this claim. He alleges that his trial counsel acted improperly during the jury selection process (see below), that he failed to secure the services of an interpreter for the defense and was not competent in the understanding of sign language, that he and petitioner disagreed on the matters to be discussed during their pretrial meetings, that counsel was not prepared to defend petitioner, and that, on appeal, counsel did not raise all issues that petitioner had requested.

 In order to prevail on an ineffective assistance of counsel claim, petitioner must show that the attorney failed to exercise the customary skills and diligence that a reasonably competent attorney would perform under similar circumstances. *Ford v. Parratt,* 638 F.2d 1115 (8th Cir. 1981); *Dupree v. United States,* 606 F.2d 829 (8th Cir.1979) (per curiam), *cert. denied,* 445 U.S. 919, 100 S.Ct. 1284, 63 L.Ed.2d 605 (1980); *United States v. Easter,* 539 F.2d 663 (8th Cir.1976), *cert. denied,* 434 U.S. 844, 98 S.Ct. 145, 54 L.Ed.2d 109 (1977). There exists a presumption that counsel has rendered effective assistance. *Hawkman v. Parratt,* 661 F.2d 1161 (8th Cir.1981); *Thomas v. Wyrick,* 535 F.2d 407 (8th Cir.), *cert. denied,* 429 U.S. 868, 97 S.Ct. 178, 50 L.Ed.2d 148 (1976). To overcome this presumption, petitioner must show that: (1) there was a failure to perform an essential duty owed by the defense attorney to his client; and (2) that the failure prejudiced the defense. *Hawkman v. Parratt, supra; Ford v. Parratt, supra; McQueen v. Swenson,* 498 F.2d 207 (8th Cir.1974). Decisions relating to a reasoned choice of trial strategy and tactics are generally not cognizable in a federal habeas corpus proceeding. *Cox*

*v. Wyrick,* 642 F.2d 222 (8th Cir.), *cert. denied,* 451 U.S. 1021, 101 S.Ct. 3013, 69 L.Ed.2d 394 (1981); *Drake v. Wyrick,* 640 F.2d 912 (8th Cir.1981); *United States v. Hagar,* 505 F.2d 737 (8th Cir.1974).

 Most of petitioner's allegations concerning his claim of ineffective assistance of counsel are conclusory and unsubstantiated. Additionally, there is no indication that any of the alleged deficiencies prejudiced the petitioner. Based on a review of the record in this case, this Court finds that there is nothing upon which to base a determination that counsel was ineffective in representing petitioner at trial. Moreover, petitioner's allegation that his attorney on appeal failed to brief and argue all issues that he requested him to raise, without more, does not state a claim warranting habeas corpus relief.

### IV. Composition of the Jury

 Petitioner alleges that both the trial court and trial counsel acted improperly in allowing nine women to sit in judgment at his trial on a charge of rape. He states that it is his belief that women would not give fair consideration to a person charged with rape and that he would have received a fair trial if the jury had been comprised of six men and six women. In considering this issue, the Arkansas Supreme Court ruled that the selection of jurors was an area within the discretionary power of the court to control and that no abuse of that discretion had been shown. The court also found that the issue should have been raised at trial but was not, that there was no showing that any of the jurors were biased, and that petitioner's general indictment of women as being unsuitable to serve on a jury in a rape trial is "not only highly questionable but also insufficient legally." *Urquhart v. State,* Ark., 631 S.W.2d 304 (April 12, 1982). Because of the obvious lack of merit to petitioner's allegation, this Court will give no further consideration other than to say that it is in full agreement with the Arkansas court's statement.

### V. Search and Seizure

 Petitioner lastly argues that he was arrested and charged with these of-

fenses without an arrest warrant and that at the time of the arrest, his apartment was unlawfully searched. This issue was not presented to the state courts and this Court is precluded from considering the merits of the claim. The fact that a petitioner was arrested illegally, without more, will not vitiate an otherwise valid conviction. *Young v. Mabry,* 596 F.2d 339 (8th Cir.), *cert. denied,* 444 U.S. 853, 100 S.Ct. 107, 62 L.Ed.2d 69 (1979). Federal habeas corpus review is also precluded where state courts have provided an opportunity to fully and fairly litigate petitioner's Fourth Amendment claim. *Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *Hines v. Auger,* 550 F.2d 1094 (8th Cir.1977). There is no indication here that petitioner was denied the opportunity to raise and litigate the merits of his claim.

The Court has reviewed the petitioner's statement of necessity and objections filed in opposition to the U.S. Magistrate's proposed findings, which the Court has adopted *in toto.* The Court finds the objections to be without merit, however, and deems the Magistrate's recommendation to be proper in all respects.

THEREFORE, in light of the foregoing, the petition will be dismissed and the relief sought will be denied.