Cite as 2020 Ark. App. 456

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-19-717

| | |
|---|---|
| RODNEY DAIN DOSTER<br><div align="right">APPELLANT</div><br>V.<br><br>STATE OF ARKANSAS<br><div align="right">APPELLEE</div> | **Opinion Delivered:** October 7, 2020<br><br>APPEAL FROM THE UNION COUNTY CIRCUIT COURT<br>[NO. 70CR-17-427]<br><br>HONORABLE HAMILTON H. SINGLETON, JUDGE<br><br>REMANDED FOR RESENTENCING |

**RITA W. GRUBER, Chief Judge**

This case returns to us after we ordered rebriefing in *Doster v. State*, 2020 Ark. App. 177. As we explained in that opinion, a Union County Circuit Court jury convicted appellant Rodney Dain Doster of delivery of methamphetamine or cocaine (more than two grams, less than ten grams), delivery of methamphetamine or cocaine (less than two grams), and maintaining a drug premises. The jury sentenced appellant to five years' imprisonment on the larger delivery conviction, a $2,000 fine on the smaller delivery conviction, and five years' imprisonment on the drug-premises conviction. In addition, the jury found appellant guilty of committing both delivery offenses within the proximity of a church resulting in mandatory ten-year enhancements on each. The trial court ordered the sentences to run consecutively. On appeal, appellant argues that the trial court abused its discretion when it ordered his sentences to run consecutively. We remand for resentencing.

The underlying facts related to the convictions are unnecessary for an understanding of appellant's sentencing argument on appeal. However, a summary of what transpired during sentencing is pertinent to our review. After the trial court read the verdicts, the following colloquy occurred:

MR. HALL: Your Honor, I would request the Court exercise its discretion and make these concurrent. Judge Wilkerson did in Fort Smith in a somewhat similar case. I didn't try it, I did the post convictions, but he made everything concurrent because it still left ten years flat to serve which was pretty substantial and it was a fifty year old man.

COURT: Anything from the State?

MR. SINGLETON: No, Your Honor.

COURT: Mr. Doster, it is the judgment and sentence of this Court that you be taken by the Sheriff of Union County and delivered to the Department of Correction to serve a term of five years on Count One, ten years on the enhancement to Count One, that you be fined a sum of two thousand dollars on Count Two, that you serve a ten year sentence on the enhancement of Count Two, and that you serve a sentence of five years on Count Three. I'm not really sure what the thought process was on why this had to go to a jury, but it did. I know that the State had made offers to clear this and clear the other case and I'm confident this jury considered the total effective sentence of thirty years in the Department of Correction when they made this call. It was clear to me when they came back and sentenced you to the minimum on Count One and Count Three and a fine on Count Two. They've already taken this into consideration so it will be the judgment of the Court that you serve a term of thirty years in the Department of Corrections which I believe is the correct math if they run consecutive to one another which I believe is the jury's thought process.

Arkansas Code Annotated section 5-4-403(a) (Repl. 2013) provides, "When multiple sentences of imprisonment are imposed on a defendant convicted of more than one (1) offense . . . the sentences shall run concurrently unless, upon recommendation of

2

the jury or the court's own motion, the court orders the sentences to run consecutively." Whether sentences should be run consecutively or concurrently is within the sole discretion of the trial court, and exercise of that discretion will not be reversed on appeal unless there is an abuse of that discretion; it is a heavy burden to prove that a trial court did not exercise its discretion in determining whether to run sentences consecutively. *Throneberry v. State*, 2009 Ark. 507, 342 S.W.3d 269. The appellate court will not presume that the trial court failed to exercise its discretion. *See Blagg v. State*, 72 Ark. App. 32, 35, 31 S.W.3d 872, 874 (2000) (citing *Urquhart v. State*, 273 Ark. 486, 621 S.W.2d 218 (1981)). In addition, the trial court's failure to state its reasons for consecutive sentences, standing alone, is not sufficient to meet the appellant's heavy burden to prove that a trial court did not exercise its discretion in determining whether to run sentences consecutively. *Throneberry*, 2009 Ark. at 10, 342 S.W.3d at 274.

Appellant argues that after "wondering aloud" why appellant chose to exercise his right to a jury trial, the trial court speculated that it was the jury's desire to run the sentences consecutively even though there was no recommendation on the verdict form, suggesting that it was an abuse of discretion because his decision was based on speculation about the jury's intent. In support of his argument, appellant cites *Acklin v. State*, 270 Ark. 879, 606 S.W.2d 594 (1980), and *Wing v. State*, 14 Ark. App. 190, 686 S.W.2d 452 (1985).

The State responds that the trial court is not required to explain its reasoning for running the sentences consecutively and notes that the record does not indicate appellant proffered an instruction requesting the jury to recommend concurrent or consecutive sentences. The State further argues that the trial court's request for comments before

sentencing suggests its exercise of discretion, as does the trial court's explanation of its reasoning.

In *Acklin*, the supreme court reversed and remanded for resentencing where there was nothing in the colloquy that indicated the trial court exercised its discretion but rather seemed to have imposed consecutive sentences because the defendant asked for a jury trial without any defense or because it was the court's practice to direct that jury sentences run consecutively. In *Wing v. State*, 14 Ark. App. 190, 191–92, 686 S.W.2d 452, 454 (1985), this court remanded for resentencing based on *Acklin* because the trial judge's comments "clearly reflect that as a rule he runs jury-imposed sentences consecutively." There, the trial judge stated:

> If it had been left to me in the first instance, I feel I would have had a lot more leeway to act. I think it is somewhat presumptuous of me to go against a jury verdict. *I have never done that except in a rare case* where it's clearly out of line. I'm going to set and fix punishment 20 years on the Burglary, 10 years on the Theft of Property, and direct that they run consecutive. *I think if the jury had wished otherwise, they would have noted otherwise.*

*Id*. at 192, 686 S.W.2d at 454 (emphasis supplied). Based on these comments, we concluded that the trial judge attempted to implement what he perceived the jury wanted rather than to exercise his own discretion relative to the sentencing. *Id*.

Later, in *Wing v. State*, 286 Ark. 494, 686 S.W.2d 311 (1985),[1] the supreme court also remanded for resentencing where the trial court pronounced:

> [M]y practice has been, if it is left to me in the first instance, I try to use my own judgment both as to guilt or innocence, and also as to punishment. . . . But when a case is submitted . . . to a jury, then I think they have the right and the prerogative . . . to view the case in the manner in which they see it. Now, I feel it is somewhat

---

[1]The supreme court's *Wing* decision and our decision in *Wing v. State*, 14 Ark. App. 190, 686 S.W.2d 452 (1985), involved different defendants.

4

presumptuous for me to interfere with their judgment as long as it is within the guidelines of the law. I think I have no choice . . . but to accept their verdict . . . and direct they run consecutively.

286 Ark. at 496, 696 S.W.2d at 312. The supreme court stated that what the trial court said was so close to what was said in *Wing*, 14 Ark. App. 190, 686 S.W.2d 452, that it could not be distinguished. 286 Ark. at 496, 696 S.W.2d at 312; *see also Wallis v. State*, 2010 Ark. App. 238, 374 S.W.3d 737 (remanding for resentencing where the trial court implemented what it perceived to be the desire of the jury when, in fact, the jury had made no recommendation).

After stating it did not understand the reasoning for a jury trial, the trial court speculated about the jury's thought process in its sentencing and drew conclusions about what the court thought the jury intended to be the "total effective sentence." Here, as in the *Wing* decisions cited herein, the trial court appears to have tried to implement what it perceived the jury intended as evidenced by its comments from the bench when, in fact, the jury had made no recommendation regarding concurrent or consecutive sentences. Accordingly, we remand for resentencing consistent with this decision but without implying how the sentences should be imposed.

Remanded for resentencing.

VAUGHT and MURPHY, JJ., agree.

*John Wesley Hall* and *Sarah M. Pourhosseini*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

5