Cite as 2024 Ark. App. 308

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-23-119

|  |  |
|---|---|
| | **Opinion Delivered** May 15, 2024 |
| JAMES EARL HARRIS | |
| **APPELLANT** | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. 73CR-20-415] |
| V. | |
| | HONORABLE MARK PATE, JUDGE |
| STATE OF ARKANSAS | |
| **APPELLEE** | AFFIRMED; MOTION TO WITHDRAW GRANTED |

### BRANDON J. HARRISON, Chief Judge

A jury found James Earl Harris guilty of four counts of first-degree sexual assault, and he has appealed his convictions. Harris's attorney has filed a no-merit brief and a motion to withdraw as counsel pursuant to Arkansas Supreme Court Rule 4-3(b)(1) (2023) and *Anders v. California*, 386 U.S. 738 (1967), asserting that this appeal is wholly without merit. The clerk of this court mailed a copy of counsel's motion and brief to Harris, and he has filed pro se points for reversal. We affirm Harris's convictions and grant the motion to withdraw.

In July 2020, the State charged Harris with one count of rape, four counts of first-degree sexual assault, and one count of second-degree sexual assault. The State alleged that he had committed rape and second-degree sexual assault against his biological daughter, MC, and four counts of first-degree sexual assault against his ex-wife's cousin, Sydney

Gogus, when she was a minor.[1]

The circuit court held a jury trial in July 2022. Pertinent to this appeal, the State presented the following testimony. Lauren Goodson, Harris's ex-wife, explained that when Gogus was approximately fourteen years old, she frequently stayed with her and Harris. Harris and Gogus were close, but around the time she turned sixteen, she stopped staying over. Goodson thought it was because Gogus was getting older and wanted to hang out with her friends.

Gogus testified that she and Goodson had grown up together and were like sisters. She often stayed with Goodson and her husband, Harris, when she was between ten and thirteen years of age. She and Harris were close, and she went to him for advice about boys and other matters. When she was thirteen, he approached her during the night, began touching her, took her clothes off, and put his penis into her vagina. He later told her not to tell anyone or it would ruin the family. After that incident, Gogus would ask if Harris would be home before she would agree to spend the night with Goodson. However, Harris would sometimes arrive home unexpectedly; on one of those nights, Harris forced her to perform oral sex, performed oral sex on her, had vaginal sex with her, and attempted anal sex with her. There was one other instance in which Harris forced her to have vaginal sex and anal sex; after that, she stopped staying overnight.

At the close of the State's case, the defense did not move for a directed verdict. Harris testified and denied that anything inappropriate ever happened between him and Gogus.

---

[1]The circuit court later declared a mistrial on the counts of rape and second-degree sexual assault, and they are not at issue in this appeal.

He suggested that Gogus fabricated the allegations to bolster MC's allegations.

The jury found Harris guilty on three counts of first-degree sexual assault, and he was sentenced to sixty years' imprisonment. Harris timely appealed his convictions, and appellate counsel filed a no-merit brief and a motion to withdraw as counsel. However, because counsel failed to address an adverse ruling from the trial, we ordered rebriefing and denied the motion to withdraw. *Harris v. State*. 2024 Ark. App. 11. Counsel has now filed a corrected brief that addresses all adverse rulings, and we may address the arguments on appeal.

Arkansas Supreme Court Rule 4–3(b)(1) requires that the argument section of a no-merit brief contain "a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests . . . with an explanation as to why each . . . is not a meritorious ground for reversal." The test is not whether counsel thinks the circuit court committed no reversible error but whether the points to be raised on appeal would be wholly frivolous. *T.S. v. State*, 2017 Ark. App. 578, 534 S.W.3d 160. Pursuant to *Anders*, we are required to determine whether the case is wholly frivolous after a full examination of all the proceedings. *Id.*

Counsel explains that challenging the sufficiency of the evidence supporting Harris's convictions is not a meritorious ground for reversal because (1) defense counsel did not make a directed-verdict motion below, so there is no argument challenging the sufficiency of the evidence preserved for appellate review; and (2) Gogus's testimony provided sufficient evidence to support the convictions because under Arkansas law, the testimony of a victim is sufficient evidence in a sexual-assault case. *See Bahena v. State*, 2023 Ark. App. 261, 667

S.W.3d 553 (a sexual-assault victim's testimony may constitute substantial evidence to sustain a conviction for sexual assault).

Counsel also explains that the twenty-year sentence Harris received for each conviction is within the statutory limits for first-degree sexual assault (six to thirty years' imprisonment) and that the circuit court's decision to run Harris's sentences consecutively was solely within its discretion. *See Doster v. State*, 2020 Ark. App. 456, 610 S.W.3d 685 (whether sentences should be run consecutively or concurrently is within the sole discretion of the circuit court, and exercise of that discretion will not be reversed on appeal unless there is an abuse of that discretion). Therefore, Harris's sentencing does not provide meritorious grounds for reversal.

Finally, counsel addresses Harris's request to remain out on bond pending sentencing. Harris's trial lasted three days, and at the end of the second day, he had been found guilty but not yet sentenced. Defense counsel asked if Harris could "stay out one more night and see his kids," but the court denied the request and ordered that Harris be taken into custody. When on trial for a felony, a defendant may remain on bail or be kept in custody at the discretion of the court. Ark. Code Ann. § 16-84-111(b) (Repl. 2005). To abuse its discretion, the circuit court must act improvidently, thoughtlessly, or without due consideration. *Rose v. State*, 2018 Ark. App. 446, 558 S.W.3d 415.

Counsel explains that the denial of Harris's request to remain out on bond is not meritorious ground for reversal because (1) it is moot and (2) it was within the discretion of the circuit court, and the court's decision was not an abuse of discretion. We further note that the case law is well settled that a circuit court's decision to deny bond cannot serve as

4

grounds to reverse a valid conviction. *See Orsini v. State*, 281 Ark. 348, 665 S.W.2d 245 (1984) (failure to set bond would not vitiate an otherwise valid conviction).

In his pro se points, Harris challenges Gogus's credibility by pointing out alleged inconsistencies and errors in her testimony. He appears to allege there was insufficient evidence to support his convictions due to "the lack of physical findings, the delayed disclosure, and the questionable testimony of Sydney Gogus." The State asserts that Harris's argument is not preserved for review because defense counsel did not move for a directed verdict below. Failure to move for a directed verdict waives any challenge to the sufficiency of the evidence on appeal. *Curl v. State*, 2019 Ark. App. 200, 575 S.W.3d 458. In addition, the credibility of witnesses is an issue for the jury and not the court. *Morgan v. State*, 2009 Ark. 257, 308 S.W.3d 147. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id*.

Harris also argues that the testimony of Lauren Wegener, a sexual-assault nurse examiner, was highly prejudicial and confused the jury. Wegener explained to the jury that sexually abused children often present no physical findings because the genital tissues are vascular and heal quickly. Wegener interviewed MC, who indicated abuse by genital penetration by finger or hand, but Wegener did not physically examine MC. Harris asserts that Wegener's testimony was "designed to lead the jury to infer that abuse occurred despite the lack of physical findings." The State responds that there was no objection raised to Wegener's testimony at trial, so Harris's argument is not preserved for appellate review. *See Hicks v. State*, 2017 Ark. 262, 526 S.W.3d 831 (appellate court does not address arguments that are raised for the first time on appeal). We also note that Wegener's testimony pertained

5

to only MC, and Harris was not convicted on any charges related to MC.

Having reviewed the record, the brief presented by counsel, and Harris's pro se points, we conclude that there has been compliance with Ark. Sup. Ct. R. 4–3(b)(1) and that an appeal from Harris's conviction would be without merit. Consequently, counsel's motion to be relieved is granted, and Harris's convictions are affirmed.

Affirmed; motion to withdraw granted.

KLAPPENBACH and MURPHY, JJ., agree.

*Debra Reece Johnson*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob Jones*, Ass't Att'y Gen., for appellee.