Billy Fred STINNETT *v.* STATE of Arkansas

CA CR 98-128                                              973 S.W.2d 826

Court of Appeals of Arkansas
Division I
Opinion delivered September 9, 1998

*Rush, Rush & Cook,* by: *David L. Rush,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Kent G. Holt,* Ass't Att'y Gen., for appellee.

TERRY CRABTREE, Judge. Billy Fred Stinnett brings this appeal from the Logan County Circuit Court's order revoking his probation and sentencing him to ten years in the Arkansas Department of Correction. Appellant asserts two points for reversal. First, appellant contends that the circuit court's original sentence of probation, entered after he pled guilty to two Class Y felonies and a Class C felony, was void *ab initio* because it imposed a sentence without incarceration. Second, appellant argues that the State failed to provide substantial evidence to revoke his probation. We disagree and affirm both the trial court's revocation of probation and the subsequent imposition of sentence.

While it is difficult to determine, drawing upon appellant's abstract, the exact nature of the original sentence imposed by the trial court, it is ascertainable that appellant was charged, by Felony Information, with two counts of Delivery of a Controlled Substance, Methamphetamine, Class Y felony, occurring on or about August 16 and August 19, 1994. On June 9, 1995, appellant entered a plea of guilty to the two counts of Delivery of a Controlled Substance, a violation of Ark. Code Ann. § 5-64-401 (Repl. 1995), as well as a plea of guilty to the Possession of Drug Paraphernalia, a Class C felony and violation of Ark. Code Ann. § 5-64-403 (Repl. 1995). The trial court sentenced appellant to ten years' supervised probation, fined him a civil penalty of $2,500, and suspended his driver's license.

During the probationary term, the State filed a "Petition to Revoke" the appellant's probation citing appellant's alleged admission to having used marijuana and methamphetamine, and further, that the appellant had failed to attend drug treatment as required of him by his probation officer. On November 24, 1997, pursuant to the State's Petition, the circuit court conducted a revocation hearing and found that the appellant had violated the terms of his probation. Appellant moved the court to strike the original plea of guilty since, as appellant argued, the court's original sentence of probation was invalid under Arkansas sentencing law. The trial court denied the motion and sentenced appellant to serve 120 months in the Arkansas Department of Correction.

*I.*

■ We consider, initially, appellant's contention that because probation is an invalid and unauthorized sentence for Class Y felony violations, that such a sentence is void *ab initio*, and thereby precludes the trial court from revoking it. Citing *State v. Williams*, 315 Ark. 464, 868 S.W.2d 461 (1994); *Campbell v. State*, 288 Ark. 213, 703 S.W.2d 855 (1986); *Lambert v. State*, 286 Ark. 408, 692 S.W.2d 238 (1985); and *Harris v. State*, 15 Ark. App. 58, 689 S.W.2d 353 (1985), appellant argues that "[i]t is clear that a probationary sentence is not authorized for a class Y felony." However, these cases cited by appellant do not explain the current state of the law but, instead, address either the state of the law prior to the passage of Act 192 of 1993 or the application of law as it applies prospectively or retroactively. Regardless of which rationale appellant so chose to base his present argument, neither bears upon the disposition of this case. Here, appellant was charged and sentenced under Act 192 of 1993. As the State provided in response, and to which we agree, Act 192 of 1993 removed the minimum sentencing requirements mandated by the predecessor statute. Thus, the original sentence imposed upon appellant was legal and in all respects valid.

■ In *Elders v. State*, 321 Ark. 60, 900 S.W.2d 170 (1995), our supreme court stated:

> Prior to sentencing, Elders urged the circuit court to apply Act 192 of 1993 retroactively. Act 192 amended Ark. Code Ann. §§ 5-4-104(e)(1) and 5-4-301(a)(1) (Supp. 1991), to permit suspension and probation as alternative sentences in cases of delivery of cocaine. The circuit court refused to do this because Act 192 was not in effect at the time of the commission of the offense. The court sentenced Elders to ten years in prison pursuant to the statutes that existed at the time of the sale of the cocaine.

*Id.* at 64, 900 S.W.2d at 172. The *Elders* decision is dispositive of appellant's argument here since appellant's offense and plea occurred after the effective date of the Act. Because the supreme court has already determinatively spoken upon the issue, we need

not venture further in placing our interpretative gloss upon these statutes.

*II.*

■ Next, appellant argues that the State neglected to prove, by a preponderance of the evidence, that the appellant had inexcusably failed to comply with a condition of his probation. The appellant argues that he was having car trouble, going through a divorce, working, and having problems with drugs. The state has the burden of proving that the appellant violated the terms of his probation, as alleged in the Petition to Revoke Probation, by a preponderance of the evidence. We will reverse the trial court's decision to revoke probation only if it is clearly against the preponderance of the evidence. *Lemons v. State*, 310 Ark. 381, 836 S.W.2d 861 (1992).

■ In this case, the State alleged that the appellant failed to report to both the probation officer and to drug treatment as ordered by the probation officer.[1] A condition of the appellant's probation was to report to the probation officer as directed. Despite the justifications offered by appellant, we cannot say that the judge's determination that the appellant failed to report to the drug treatment center or the probation officer, even though the period of absence was relatively limited (twenty days), was clearly against the preponderance of the evidence. We therefore affirm.

AREY and NEAL, JJ., agree.

---

[1] Appellant was ordered to attend drug treatment after admitting to the use of methamphetamine and marijuana.