Anne THRONEBERRY *v.* STATE of Arkansas

CA CR 07-889                                   279 S.W.3d 489

Court of Appeals of Arkansas
Opinion delivered March 12, 2008

*Jeff Rosenzweig,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *Brad Newman,* Ass't Att'y Gen., for appellee.

SAM BIRD, Judge. Appellant Anne Throneberry was charged with capital murder and kidnapping in the death of her husband, and with hindering apprehension of her two codefendants. She was tried by a jury and was convicted of manslaughter, kidnapping, and hindering apprehension. She does not challenge the convictions on appeal. She contends only that the trial court abused its discretion by overruling the jury's recommendation that her sentences run concurrently and by running them consecutively instead. We agree, and we reverse and remand for resentencing.

"Multiple sentences of imprisonment imposed on a defendant convicted of more than one offense . . . shall run concurrently unless, upon recommendation of the jury or the court's own motion, the court orders the sentences to run consecutively." Ark.

Code Ann. § 5-4-403(a) (Repl. 2006). The court is not bound by the jury's sentencing recommendation, and it is not required to explain its reason for running sentences consecutively. Ark. Code Ann. § 5-4-403(d); *Pyle v. State*, 340 Ark. 53, 8 S.W.3d 491 (2000). The question of whether to impose consecutive or concurrent sentences lies solely within the province of the trial court, and the appellant assumes a heavy burden of demonstrating that the judge failed to give due consideration to the exercise of discretion in the matter of consecutive sentences. *Pyle*, 340 Ark. at 61, 8 S.W.3d at 496.

We find guidance applicable to the parameters of a trial court's discretion in *U.S. v. Haack*, 403 F.3d 997 (8th Cir. 2005).[1] The *Haack* court, applying the abuse-of-discretion standard, cited *Kern v. TXO Production Corp.*, 738 F.2d 968, (8th Cir. 1984), which explained the standard as follows:

> [W]hen we say that a decision is discretionary, . . . we do not mean that the district court may do whatever pleases it. The phrase means instead that the court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law. An abuse of discretion, on the other hand, can occur in three principal ways: when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

738 F.2d at 970.

Over Throneberry's objection and after the jury's pronouncement of guilt, the judge presented a verdict form to the jury seeking its recommendation as to whether any sentences should be served consecutively. The jury then recommended non-consecutive sentences of three years' imprisonment for manslaughter, ten years for kidnapping, and fifteen years for hindering apprehension. The judge accepted the recommended terms of imprisonment but ran the sentences consecutively on the stated

---

[1] The issue before the Eighth Circuit was whether the district court, in departing from federal sentencing guidelines, abused its discretion to an unreasonable extent.

basis that the court had "benefit of . . . information that the jury did not have" from having presided over the cases of Throneberry's codefendants.[2]

The following colloquy ensued between Throneberry's counsel, Mr. Shaw; the trial court; and the prosecutor, Mr. Foster, when Shaw asked the court to set forth the specific finding of its reasons for not following the jury's recommendation:

> THE COURT: I will state again what I did before. I have had the benefit of Mr. Holsombach's full trial, I have had the benefit of listening to the testimony that was presented or the plea that was presented in William Frazier's trial and the testimony that was presented in this trial. That is the basis of my decision.

> MR. SHAW: I would submit to the Court that it is improper to consider things in this trial that were not part of this trial. Had this been tried to a different court, different judge, which it could have been since it was severed, those factors would not have come into play and I think the Court should reconsider its decision to run these consecutively and I'm asking the Court to reconsider that and follow the jury's recommendation. I realize it is within the Court's province to decide ... consecutive. I believe concurrent is what the jury recommended and absent a showing of some type based on what was heard here, I think the Court should be bound by those recommendations or at least follow them.

> THE COURT: Your motion is denied.

> MR. SHAW: Thank you.

> MR. FOSTER: Your Honor, please the Court, it is my opinion and my position that the Court can take judi-

---

[2] Codefendant Mark Holsombach's convictions for capital murder, attempted capital murder, and kidnapping were affirmed by the supreme court in *Holsombach v. State*, 368 Ark. 415, 246 S.W.3d 871 (2007). His conviction for being a felon in possession of firearms was reversed on a speedy-trial violation in this court's unpublished opinion *Holsombach v. State*, CACR 07-304 (Ark. Ct. App. Dec. 5, 2007). Codefendant Mark Frazier pleaded guilty to crimes that are not specified in the record.

cial notice of all fact and information that is before him and the Court does have the benefit of the other two trials which were tried in front of Your Honor in this same courtroom.

Throneberry argues on appeal, as she did below, that the trial court abused its discretion by overruling the jury's recommendation for concurrent sentencing based upon unspecified information from one codefendant's trial and the other's guilty plea. She acknowledges that Ark. Code Ann. § 16-97-103 allows at the sentencing phase the admission of certain evidence relevant to sentencing even if it might not be admissible at the guilt phase, but she notes that the evidence that the trial court relied upon here was not introduced at the sentencing phase. She directs our attention to decisions of our supreme court in such cases as *Buckley v. State*, 341 Ark. 864, 20 S.W.3d 331 (2000); *Love v. State*, 324 Ark. 526, 922 S.W.2d 701(1996); and *Smallwood v. State*, 326 Ark. 813, 935 S.W.2d 530 (1996).

In *Love*, the trial court sentenced the appellant to consecutive sentences despite the jury's recommendation for concurrent sentences. Love contended, in part, that the court abused its discretion by considering matters that were immaterial to his case. He asserted that the trial court had presided over the trial of his accomplice, whose acquittal was "not well received" by the trial court, and that the trial court unduly focused the effects of the community's crime problems upon Love. When he objected that he had been convicted of only two of the crimes, the trial judge stated that those crimes were "sufficient . . . to make him responsible for his part" and "that he was not sentencing Love for something that he was not tried and convicted of." The supreme court found no abuse of discretion.

In *Smallwood*, the supreme court held that the appellant had not met his heavy burden of "showing that the trial judge failed to give due consideration in the exercise of his discretion" in imposing consecutive sentences. The supreme court wrote:

> Smallwood made no argument in his request for concurrent sentences and raises no argument on appeal. Smallwood contends only that there is no way to evaluate the trial judge's decision, and therefore his proper use of discretion, because he did not explain his decision orally or in writing.

. . . .

> Since this is a matter within his discretion we will not presume he did not exercise that discretion unless there is some indication otherwise.

326 Ark. at 820-21, 935 S.W.2d at 533 (citing *Urquhart v. State*, 273 Ark. 486, 621 S.W.2d 218 (1981)).

Drawing an analogy to *Buckley v. State*, Throneberry asserts the circuit court relied on evidence that had not been introduced against her at trial and which she had no opportunity to rebut or confront. In *Buckley*, the appellant was convicted of two counts of delivery of a controlled substance and was sentenced to two consecutive life terms by a jury. The appellant contended on appeal that the trial court erred in admitting hearsay testimony at the sentencing stage of trial, over his objection, about alleged prior drug-related activity for which he had never been charged, tried, or convicted. The supreme court agreed that the statements were hearsay and, because the jury had used the testimony to impose a punishment of two life sentences, reversed for new sentencing.

The State argues that the present case and *Buckley* are readily distinguishable because the present issue is the judge's discretion to run sentences consecutively, rather than the jury's recommendation for the length of sentences as in *Buckley*. The State differentiates the present case from *Walls v. State*, 336 Ark. 490, 986 S.W.2d 397 (1999), where the trial court abused its discretion at a sex offender's sentencing hearing by allowing testimony about murders committed by one of the victims and by holding the sex offender responsible for those crimes in fixing his sentence. *Cf. Marshall v. State*, 342 Ark. 172, 175, 27 S.W.3d 392, 394 (2000) (refusing to extend *Walls, supra*, to prohibit the admission of evidence of aggravating circumstances relating to the appellant's status as a fugitive from a pending indictment in another state). The State asserts that a trial judge, just as jurors, should not be expected to live in a vacuum, *e.g., Starr v. State*, 297 Ark. 26, 759 S.W.2d 535 (1988), and that a defendant is not entitled to a judge who is totally ignorant of the facts surrounding a case, just as the defendant is not entitled to jurors totally ignorant of the facts surrounding a case, *e.g., Rankin v. State*, 329 Ark. 379, 948 S.W.2d 397 (1997). The State concludes that the discretionary decision of the trial judge concerning consecutive sentences did not require the admission of additional evidence and that he was not required to ignore his extensive knowledge of the crimes, gleaned from what he had learned while presiding over the proceedings in the three codefendants' cases.

We agree with Throneberry that the trial judge's consideration of evidence that was never introduced against her was improper. Our supreme court has clearly stated that judicial notice may not be taken of the record in a separate case. *Smith v. State*, 307 Ark. 223, 818 S.W.2d 945 (1991); *Leach v. State*, 303 Ark. 309, 796 S.W.2d 837 (1990); *see also Baxter v. State*, 324 Ark. 440, 922 S.W.2d 682 (1996) (holding that a codefendant's sentence is not relevant to an appellant's guilt, innocence, or punishment); John Wesley Hall, Jr., *Trial Handbook for Arkansas Lawyers* § 16.11 (2006) (stating that, unless the proceedings are put into evidence, courts will not travel outside a record in order to notice proceedings in another case, even between the same parties in the same court). Therefore, the record of a codefendant's case cannot be considered at the sentencing phase of a defendant's separate trial if the codefendant's record has not been introduced into evidence.

■ The records of Throneberry's codefendants were improper factors for consideration at Throneberry's sentencing, and the trial judge's judicial notice of those records, which was the basis of his decision to run the sentences consecutively, constituted an abuse of his discretion to sentence Throneberry to consecutive or concurrent sentences. We reverse and remand for a re-sentencing hearing without consideration of these factors.

Throneberry also argues that a scrivener's error occurred in the judgment order for the manslaughter conviction, which reflects a sixty-month sentence of imprisonment rather than the three-year sentence assessed by the jury and pronounced by the trial court. She makes no showing, however, that this issue was raised to the trial court, and we therefore will not address it on appeal. *Fisher v. State*, 84 Ark. App. 318, 139 S.W.3d 815 (2004). This issue will remain open on remand for the circuit court to address in the first instance.

Reversed and remanded.

HART and MARSHALL, JJ., agree.