2009 Ark. App. 533

**Latasha MAXWELL, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–1162.**

Court of Appeals of Arkansas.

July 1, 2009.

William R. Simpson, Jr., Public Defender, Brandy Turner, Deputy Public Defender, by: Margaret Egan, for appellant.

No response.

DAVID M. GLOVER, Judge.

After three failed probationary periods, appellant Latasha Maxwell's probation was revoked. On January 7, 2000, when Maxwell pleaded nolo contendere to the offense of forgery in the second degree, she was placed on probation for a period of three years. On April 19, 2002, Maxwell pleaded guilty to violating the terms of her probation and was sentenced to a new five-year term of probation. On October 22, 2002, Maxwell was found to have again violated her probation, and she was given another five-year term of probation. On February 22, 2006, the State filed a petition for revocation of Maxwell's probation, alleging that she had failed to report to her probation officer since October 25, 2005; failed to notify her probation officer of a change

of address and telephone number; and tested positive for marijuana on four different occasions in 2005. An alias bench warrant was issued for Maxwell on that same day. After a hearing on February 27, 2008, the trial court revoked Maxwell's probation and sentenced her to three years' imprisonment at a regional punishment facility, with one year suspended.

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Rule 4–3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals, appellant's counsel has filed a motion to withdraw on the grounds that the appeal is without merit. Counsel's motion was accompanied by a brief referring to everything in the record that might arguably support an appeal on the revocation issue, including a list of all rulings adverse to appellant made by the trial court on all objections, motions, and requests made by either party related to revocation with an explanation as to why each adverse ruling is not a meritorious ground for reversal of the revocation. The clerk of this court furnished appellant with a copy of her counsel's brief and notified her of her right to file *pro se* points; appellant has filed no points.

The revocation hearing was held after the expiration of the probationary period. However, the trial court may revoke probation after the probationary period has ended if, prior to the expiration of the probation, a petition to revoke the defendant's probation has been filed and a warrant is issued for the defendant's arrest within thirty days of the date of the filing of the petition. Ark.Code Ann. § 5–4–309(e)(3) (Repl.2006). In this case, although the revocation hearing was held after the period of probation had ended, the petition for revocation was filed during the probationary period, and an arrest warrant for Maxwell was issued within the thirty-day period required by statute. Therefore, the trial court had jurisdiction to revoke Maxwell's probation if it found grounds to do so.

In probation revocation proceedings, the State has the burden of proving that appellant violated the terms of his probation, as alleged in the revocation petition, by a preponderance of the evidence, and this court will not reverse the trial court's decision to revoke probation unless it is clearly against the preponderance of the evidence. *Stinnett v. State*, 63 Ark. App. 72, 973 S.W.2d 826 (1998). The State need only show that the appellant committed one violation in order to sustain a revocation. *See, Brock v. State*, 70 Ark. App. 107, 14 S.W.3d 908 (2000).

The only adverse ruling was the revocation of Maxwell's probation. Her probation officer testified that Maxwell had tested positive for marijuana on numerous occasions and had not reported since October 25, 2005, until she was placed on weekly reporting on November 21, 2007. Maxwell admitted in her testimony that she had tested positive for marijuana. This alone is sufficient evidence to support the revocation of Maxwell's probation.

From a review of the record and the brief presented to this court, appellant's counsel has complied with the requirements of Rule 4–3(k) of the Arkansas Rules of the Supreme Court and Court of Appeals. Counsel's motion to be relieved is granted, and appellant's conviction is affirmed.

Affirmed; counsel's motion to be relieved is granted.

HART and MARSHALL, JJ., agree.