SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–26

|  |  |
|---|---|
|  | Opinion Delivered SEPTEMBER 23, 2015 |
| LEONARD LEE MCDONALD<br>APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT<br>[NO. CR–09–1306] |
| V. |  |
|  | HONORABLE RALPH WILSON, JR. JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

This is an appeal of a revocation proceeding. Appellant Leonard McDonald pleaded guilty to second-degree battery in 2010, for which he received a three-year suspended imposition of sentence (SIS). In 2013, appellant violated the terms of the 2010 SIS and appellant's SIS was revoked in March 2013.[1] The trial court then sentenced appellant to three years in prison to be followed by three years of SIS, conditioned on certain behaviors.

Appellant was released from prison on parole on April 24, 2014. As part of the conditions for his SIS upon release from prison, the fines and costs associated with his sentence were to be paid to the sheriff's office in $50-per-month installments. Other conditions required that he live a law-abiding life and not commit any violation of municipal, state, or federal law.

---

[1]An appeal of that revocation was affirmed by our court in *McDonald v. State*, 2014 Ark. App. 43. It was presented as a no-merit appeal.

The record indicated that appellant was back in jail at the Crittenden County Detention Center shortly after his release from prison.[2] On June 6, 2014, the Crittenden County Detention Center performed a routine search of the inmates and facility. Appellant was searched, and a substance later determined to be cocaine was found on his person. A search under a sleeping mat, in the pod where appellant was housed, uncovered a cigarette lighter and rolling papers.

The State filed a petition to revoke appellant's SIS on June 11, 2014. The State alleged a failure to pay fines, costs, and fees as directed, the possession of a controlled substance,[3] and the commission of the crime of "furnishing prohibited articles"[4] into the Crittenden County Detention Center. Following a hearing in October 2014, the circuit court found that appellant had violated his SIS by failing to make the required payments and by furnishing prohibited articles. The judgment upon revocation was filed of record in October 2014, in which appellant was sentenced to serve three years in prison, and this timely appeal followed.

Appellant argues that the trial court committed clear error because neither basis alleged in support of revoking his SIS is supported by a preponderance of the evidence and that the trial court erred by not considering the factors enumerated in Arkansas Code Annotated section 5-4-205(f)(3) regarding a probationer's ability and willingness to pay. We hold that

[2] The record does not indicate the reason why appellant was incarcerated at the Crittenden County Detention Center.

[3] The allegation of possession of a controlled substance, cocaine, was withdrawn by the prosecutor and dismissed at the hearing due to evidentiary issues.

[4] The cigarette lighter and rolling papers were alleged to be "prohibited articles" under the statute.

the trial court did not clearly err in revoking appellant's SIS on the basis of failure to make payments as ordered. We, therefore, need not address whether appellant violated his SIS by furnishing prohibited articles.

The burden upon the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with at least one condition of his probation, as alleged in the State's petition. *Amos v. State*, 2011 Ark. App. 638; *Maxwell v. State*, 2009 Ark. App. 533, 336 S.W.3d 881; Ark. Code Ann. § 16-93-308(d) (Supp. 2011). This court will not reverse unless the trial court's findings are clearly against the preponderance of the evidence, and our court defers to the credibility determinations made by the trial court and the weight it assigns to the evidence. *Gossett v. State*, 87 Ark. App. 317, 191 S.W.3d 548 (2004). Once the State introduces evidence of nonpayment, the defendant then has the burden of going forward with some reasonable excuse for his failure to pay as ordered. *Sanders v. State*, 2012 Ark. App. 697. The State need only prove one violation in order to support the revocation of probation. *Id*.

Here, the State offered testimony that a condition of appellant's SIS was that he make payments in the amount of $50 per month and that appellant failed to make those payments. Appellant elected not to testify on his own behalf to offer an excuse for nonpayment. The trial judge found that the State's alleged violation was proved by a preponderance of the evidence. Just prior to the trial court announcing a sentence, appellant commented that he had been jailed for the most part and that he did not pay because he was so briefly on "the street."

Once the State introduced evidence of nonpayment, the burden of going forward shifted to appellant to offer some reasonable excuse for his failure to pay as directed. *Trotter v. State*, 2015 Ark. App. 408; *Peals v. State*, 2015 Ark. App. 1, 453 S.W.3d 151. Appellant did not present any evidence in support of an alleged inability to pay or other justification for nonpayment. The trial court's decision is not clearly erroneous or clearly against the preponderance of the evidence. *Ta v. State*, 2015 Ark. App. 220, 549 S.W.3d 325.

Appellant also asserts that the trial court erred by not considering the factors enumerated in Arkansas Code Annotated section 5-4-205(f)(3) regarding a probationer's ability and willingness to pay, but those statutory considerations are applicable only to payments required toward restitution. Appellant was not ordered to pay restitution.

Our court does not reverse in the absence of clear error, and we defer to credibility determinations made by the trial court. *Id*. We affirm the trial court's finding that the allegation of inexcusable nonpayment was proved by a preponderance of the evidence. This renders unnecessary any discussion of the other alleged violation of conditions.

The revocation of appellant's SIS is affirmed.

KINARD and GRUBER, JJ., agree.

*C. Brian Williams*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.