

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–15–359

| | |
|---|---|
| ANGELA Y. CRAFT<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered** November 4, 2015<br><br>APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR-2011-990]<br><br>HONORABLE JOHN N. FOLGLEMAN, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

Angela Craft appeals a Crittenden County Circuit Court order revoking her probation and sentencing her to two years in an Arkansas Community Correction Center. She admitted in the circuit court that she "violated the letter of the terms of her probation" but argues now, as she did then, that she had an excuse for violating probation. We disagree and affirm.

In March 2012, the circuit court sentenced Craft to five years' probation for theft of property, a class D felony. The relevant conditions of her probation stated:

1. The defendant shall pay all fines, court costs, and restitution[.]
. . . .
3. The defendant shall not use or possess any alcoholic beverage, marijuana, narcotic or any illegal drug or controlled substance, or associate with those who do;

. . . .

SLIP OPINION

8.  The defendant shall promptly notify Probation Officer and Sheriff of any change of address or employment;

9.  If on probation, the defendant shall cooperate with Probation Officer and report to him/her as directed and permit him/her to visit at the defendant's home, place of employment, or elsewhere;

10.  The defendant shall support his/her dependents and meet his/her family responsibilities;

. . . .

12.  The defendant shall not move or remain out of the jurisdiction of the Court unless granted permission by the Court or Probation Officer.

In September 2012, the State moved to revoke Craft's probation. The revocation petition alleged that Craft violated her probation by: (1) failure to pay fines, restitution, costs, and fees as directed; (2) failure to report to probation as directed; (3) failure to pay probation fees; (4) failure to notify sheriff and probation of current address and employment; and (5) departure from approved residence without permission. An arrest warrant was issued in September 2012 and returned two years later in November 2014. The circuit court convened a revocation hearing in January 2015.

Amy Peyton from the Crittenden County Sheriff's office testified that she received a $25 payment from Craft on 2 May 2012, but that Craft had made no other payments since; nor had she been contacted by Craft. April Thomas, Craft's probation officer, testified that Craft reported to her until 25 June 2012. On June 25, Officer Thomas informed Craft that she would be going to jail for two days because of a previously missed probation appointment; Craft was to report back to Thomas on June 27. When Craft was a no-show, Thomas went to Craft's residence on June 29, but Craft was not there. Thomas conveyed a message to who she thought was Craft's mother for Craft to report on 6 July 2012. When Craft failed to report on July 6, Officer Thomas called all the

available phone numbers she had for Craft, but received no answers. On July 17, Thomas sent a letter to Craft's address requiring her to report on July 23; Craft failed to report. After another attempted home visit and no reporting, Officer Thomas recommended Craft's probation be revoked. From June 2012 until November 2014 when Craft was arrested, Officer Thomas had no contact with her.

Craft testified during the hearing that the address Officer Thomas visited in 2012 was her home address. She explained that the Arkansas Department of Human Services (DHS) removed her children from her custody in December 2011 because she had failed a drug screen. Craft admitted that she had used drugs since she was thirteen years old because her mother had abandoned her and her grandmother, who took care of her, died when she was a teenager. The removal of her children was "the best thing that ever happened to me because I woke up and got clean." Craft moved to Memphis, checking herself into an inpatient rehabilitation facility. Craft admitted that she did not tell her probation officer that she moved to Memphis, but stated that the probation officer knew the situation she was going through with her children. The DHS case was ongoing during Craft's probation-reporting period, and Craft appeared at court hearings in Crittenden County; the DHS case resulted in the successful reunification of Craft and her children in 2013.

Craft also told the court that her children were currently in her sister's care because she was in jail after being arrested on the probation violations. She also testified that she knew the probation requirements had been hanging over her head. The court then asked

Craft, "[W]hy didn't you contact your probation officer?" Craft said, "[I] don't have an answer."

On cross-examination, when asked by the State what she thought would happen to her when she "had totally forgotten about probation," Craft said, "I didn't totally forget it. Like I said, I knew I had it. . . But my intentions wasn't bad and I didn't mean any harm . . . I just panicked about the situation with my children, sir, that's it. That's it. That's all."

The court ruled that the State had proved that Craft violated her probation's terms by "not reporting to her probation officer as she was directed" and "leaving the jurisdiction of the court without approval." Craft appeals.

In revocation proceedings, a circuit court must find by a preponderance of the evidence that a defendant inexcusably violated a condition of probation. *Mewborn v. State*, 2012 Ark. App. 195. But "forgivable, pardonable, and excusable behavior" does not justify a probation revocation. *See Barbee v. State*, 346 Ark. 185, 189, 56 S.W.3d 370, 372 (2001). We will not reverse a circuit court's findings on appeal unless they are clearly against the preponderance of the evidence. *Id*. Evidence that is insufficient for a criminal conviction may be sufficient for the revocation of probation. *Haley v. State*, 96 Ark. App. 256, 240 S.W.3d 615 (2006).

Craft argues that her probation violations should be excused because they "were the product of her attempts to satisfy the circuit court in her DHS case that she was a fit parent and could provide a stable home for her children." In Craft's view, she spent three years in various rehabilitation programs to "clean herself up and get on the right track."

So the court erred in not excusing the probation violations. The State responds that "[t]he argument is meritless for the simple reason that it hinges on the circuit court's believing her testimony and concluding that her excuses were reasonable, neither of which it was required to do."

We hold that the circuit court did not err in revoking Craft's probation because the revocation was not clearly against the preponderance of the evidence. Craft's children were removed from her custody in 2011, which was before she was placed on probation in March 2012. Officer Thomas testified that Craft never responded again after Craft was supposed to serve two days in jail for not reporting properly. Craft's children had been returned to her in 2013; and although she was aware that her probation requirements were "hanging over her head" she failed to report to her probation officer after her children were returned to her custody. When questioned by the circuit court directly, Craft offered no answer as why she did not contact her probation officer.

We affirm the revocation based on the circuit court's failure-to-report ruling. Because we affirm the court's finding that Craft inexcusably violated her probation's reporting condition, we need not reach any other ground. *Maxwell v. State*, 2009 Ark. App. 533, 336 S.W.3d 881.

Affirmed.

GLADWIN, C.J., and GRUBER, J., agree.

*Tyler Ginn*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.