

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-17-154

|  |  |
|---|---|
| | **Opinion Delivered** September 27, 2017 |
| SHAMARIUS HENDERSON | |
| APPELLANT | APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-10-32] |
| V. | |
| | HONORABLE CHRIS E WILLIAMS, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant, Shamarius Henderson, appeals the revocation of his probation. We affirm.

In 2010, Henderson pled guilty in the Hot Spring County Circuit Court to theft of property valued at $2,500 or more and first-degree criminal mischief. He was sentenced to sixty months' probation, fined $1,000, ordered to pay $2,362.39 in restitution, and ordered to pay court costs and fees. His probation was conditioned on several requirements, including (1) that he report as directed to his probation officer, (2) that he be gainfully employed and report any changes in his address or employment status, (3) that he pay monthly supervision fees to the Arkansas Department of Community Correction (ADC), and (4) that he pay costs and fines totaling $1,150.

On January 29, 2013, the State filed a petition to revoke Henderson's probation, alleging that he had violated the terms and conditions of probation by failing to report to his probation officer on several occasions, failing to provide proof of employment or a valid

address, failing to pay his supervision fees as required, and failing to make any payments on his fines, fees, and costs. On August 30, 2016, the State filed an amended petition to revoke, alleging violation of the same four conditions and adding allegations that Henderson had not appeared in court as ordered, had continued violating the requirement that he report to his probation officer, and had not made any payments on his fine, fees, and costs. After a hearing, the court revoked Henderson's probation and sentenced him to twenty years' imprisonment in the ADC.

In probation-revocation proceedings, the State has the burden of proving that a probationer violated the terms of his or her probation, as alleged in the revocation petition, by a preponderance of the evidence, and this court will not reverse the trial court's decision to revoke probation unless it is clearly against the preponderance of the evidence. *Stinnett v. State*, 63 Ark. App. 72, 973 S.W.2d 826 (1998). The State need show that the appellant committed only one violation in order to sustain a revocation. *See Brock v. State*, 70 Ark. App. 107, 14 S.W.3d 908 (2000).

On appeal, Henderson argues that the court erred in finding that he had failed to provide proof of employment and failed to provide a valid employment address because, he claims, the conditions of his probation did not require him to do those things. He is correct— the terms and conditions of his probation did not include those specific provisions. However, his appeal has no merit because there were other independent grounds on which the court revoked his probation. Henderson acknowledges that the State need prove only one violation in order to support revocation but argues that the court sentenced him to the maximum period of incarceration available for each offense, indicating that the sentence was based on the

SLIP OPINION

aggregate impact of multiple violations taken together. We disagree. Once a single violation was proved, the trial court was authorized to impose any sentence that may have originally been imposed for the offense of which he was found guilty. *Cox v. State*, 365 Ark. 358, 229 S.W.3d 883 (2006). The court could have imposed the same sentence for any of the remaining three violations that Henderson does not challenge on appeal.

Affirmed.

ABRAMSON and HIXSON, JJ., agree.

*Robinson & Zakrzewski P.A.*, by: *Luke Zakrzewski*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.