Cite as 2019 Ark. App. 489

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–19–146

| | |
|---|---|
| DELVIN DEMOND NEAL<br>APPELLANT | **Opinion Delivered:** October 30, 2019 |
| V. | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-12-89] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

This is an appeal of a revocation proceeding. In December 2012, appellant Delvin Demond Neal was convicted by a Drew County Circuit Court jury of possession of cocaine with intent to deliver and fleeing in a vehicle causing damage. The jury sentenced Neal to ten years' probation on the possession charge and an additional six years' probation on the fleeing charge; the circuit court imposed the sentences to run concurrently. The State filed a petition to revoke Neal's probation on July 17, 2018. At an October 22 revocation hearing, the circuit court found that Neal had violated the terms of his probation and sentenced him to ten years' incarceration on the possession charge and six years' incarceration on the fleeing charge, to be served consecutively. On appeal, Neal alleges that the circuit court considered evidence not presented at the revocation hearing when determining his sentences. We affirm.

The burden on the State in a revocation proceeding is to prove by a preponderance of the evidence that the defendant inexcusably failed to comply with at least one condition of his or her probation, as alleged in the State's petition. *Amos v. State*, 2011 Ark. App. 638; *Maxwell v. State*, 2009 Ark. App. 533, 336 S.W.3d 881; Ark. Code Ann. § 16-93-308(d) (Repl. 2017). On appeal from a revocation, we "will not reverse the trial court's decision to revoke unless it is clearly erroneous, or clearly against the preponderance of the evidence." *Brown v. State*, 2016 Ark. App. 403, at 4, 500 S.W.3d 781, 784 (citing *Ferguson v. State*, 2016 Ark. App. 4, at 3, 479 S.W.3d 588, 590). Moreover, we defer to the credibility determinations made by the circuit court and the weight it assigns to the evidence. *Peals v. State*, 2015 Ark. App. 1, at 4, 453 S.W.3d 151, 154. We have long held that to "sustain a revocation, the State need show only that the defendant committed one violation." *Springs v. State*, 2017 Ark. App. 364, at 3, 525 S.W.3d 490, 492. The State's burden of proof in a revocation proceeding is less than is required to convict in a criminal trial, and evidence that is insufficient for a conviction thus may be sufficient for a revocation. *Id.*

Upon the revocation of probation, the circuit court can impose any sentence that originally could have been imposed as long as any sentence of imprisonment, when combined with any previous term of imprisonment, does not exceed the statutory maximum for the offense. Ark. Code Ann. § 16-93-308(g) (Supp. 2011). When multiple sentences of imprisonment are imposed on a defendant convicted of more than one offense, including an offense for which probation has been revoked, the circuit court has the authority to impose the sentences consecutively. Ark. Code Ann. § 5-4-403(a) (Repl. 2006). The decision to impose consecutive or concurrent sentences lies solely within the province of

the circuit court, and the appellant assumes a heavy burden of showing that the lower court failed to give due consideration in the exercise of that discretion. *E.g.*, *Smith v. State*, 354 Ark. 226, 248, 118 S.W.3d 542, 555 (2003).

On April 4, 2018, Neal was arrested on new felony charges of possession of methamphetamine with intent to deliver, possession of drug paraphernalia, maintaining a drug premise, terroristic threatening, and five counts of endangering the welfare of a child.

At the revocation hearing, Officer James Slaughter of the Monticello Police Department testified that when he and Probation Officer Harris arrived at Neal's home to conduct a search, a woman named Tiffany Wigfall Lewis, Neal's roommate, informed them that Neal was not home. However, Harris heard Neal in the home and entered to investigate. While Harris was making contact with Neal, Lewis went into the bathroom and attempted to flush a large quantity of drugs down the toilet. Neal testified at the hearing that the drugs were not his, but Officer Slaughter had taken a statement from Neal in which Neal said that while he was not a major dealer in the community, the drugs were his.

On appeal, Neal attacks the sentences he received upon revocation, alleging that the circuit court considered evidence not admitted at the revocation hearing when determining those sentences. He bases his argument on the following colloquy between the court and his counsel:

THE COURT: Well, clearly it is not an inconsiderable amount. He may not be the biggest dealer in a town, however, neither is he a dealer just for purposes of getting enough money to use himself. And meth is such a horrible, horribly addictive–I don't know if it beats crack or not––they're both awful—but it does seem to be the drug of choice now. And the sentence before was for—The conviction before on the, let's see, 2012, was for possession with intent to deliver, so it would appear that he is an unreformed and unrepentant drug

dealer. That's it. There's no other conclusion. This case comes six years later.

And I recall at the first appearance, the living conditions were horrible. There were kids in the house. There were dogs outside that were in horrible shape and—

MR. LEONARD:   Your honor?

THE COURT:   What?

MR. LEONARD:   For the record, I'm going to—

THE COURT:   Object to me considering—

MR. LEONARD:   Yes, object—

THE COURT:   —what came out in the record? Fine. I won't consider it then. It's hard to get the picture of the dogs and the children out of your mind. You know, we just took a plea on the woman who was in the house. That was a difficult plea for me to accept, but the point is this, despite the fact that the officer has a recording to the contrary, according to him—and he's unchallenged on that—your client got up and said that it wasn't his dope. So here today, he's not taking any ownership in it. So what's the sense in expecting him to reform? There's no sense in it. The sentence—the possible sentence—the range of punishment on the previous conviction was three to ten on the possession with intent to deliver and on the fleeing charge, it was zero to six.

In this case, the Court believes, firmly, that this Court should not do anything but assess the maximum sentence given the fact that this is a conviction for the second time of the same thing with a very substantial amount of meth involved. So, I revoke your probation for violation of Condition No. 1 on the possession with intent to deliver and I assess ten years. On the fleeing charge, I revoke your probation. The maximum is six. I give you six. I stack the two together for 16. That concludes it. You have 30 days to file a notice of appeal that you want to.

Neal relies heavily on *Throneberry v. State*, 102 Ark. App. 17, 18–19, 279 S.W.3d 489, 491–92 (2008). However, *Throneberry* is distinguishable from the case at hand. In

4

*Throneberry*, the circuit court explicitly stated that it went against the jury's recommendation because it had information that the jury did not because the circuit court had the "benefit" of hearing all the testimony at the trials of Throneberry's codefendants. Our court held that judicial notice may not be taken of a record in a separate case and reversed and remanded to the circuit court. *Id*. at 22, 279 S.W.3d at 494.

In the instant case, the circuit court specifically noted that it would not consider the information from plea and arraignment, even if it was difficult to forget. The circuit court tailored its sentence to reflect only what was before it at the revocation hearing, finding that it saw no reason to assess less than the maximum punishment because Neal had not reformed and was being charged again with similar drug-related crimes. Unlike *Throneberry*, where the circuit court's reasons for imposing the sentence were based on inadmissible evidence, the circuit court in this case considered evidence only from the revocation hearing and did not consider evidence from appellant's prior hearing. *Id*. at 22, 279 S.W.3d at 494.

There is a presumption that a circuit court will consider only competent evidence, and it can be overcome only by an indication of some consideration of inadmissible evidence. *E.g.*, *Clinkscale v. State*, 269 Ark. 324, 326, 602 S.W.2d 618, 620 (1980). Here, the circuit court explicitly stated that it was not considering the evidence of the prior hearing in determining Neal's sentences.

Neal also argues that the evidence introduced at the revocation hearing violated his due-process rights, but he fails to support that assertion with argument or citation to authority. We do not consider arguments that are not supported by authority or convincing argument. *Sweet v. State*, 2011 Ark. 20, 370 S.W.3d 510. Moreover, as the State points out,

5

unlike in a criminal trial, the rules of evidence are not applicable in revocation hearings, including the sentencing phase; therefore, Neal's reliance on *Hill v. State*, 318 Ark. 408, 414, 887 S.W.2d 275, 278 (1994), is unpersuasive.

Affirmed.

VIRDEN and HIXSON, JJ., agree.

*Knutson Law Firm*, by: *Gregg A. Knutson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.