Cite as 2026 Ark. App. 181

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-25-405

| | |
|---|---|
| CHEYANNA SPANN      **APPELLANT**<br><br>V.<br><br>STATE OF ARKANSAS      **APPELLEE** | Opinion Delivered March 11, 2026<br><br>APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. 15CR-23-245]<br><br>HONORABLE JERRY DON RAMEY, JUDGE<br><br>AFFIRMED |

**WAYMOND M. BROWN, Judge**

The Conway County Circuit Court revoked appellant Cheyanna Spann's probation for the underlying charge of possession of less than two grams of methamphetamine or cocaine, a Class D felony. Appellant was sentenced to four years' imprisonment. She argues on appeal that the evidence was insufficient to support the revocation. We affirm.

Appellant negotiated a plea of guilty to the above charge in May 2024. She was placed on four years' probation and given certain conditions that she had to follow while on probation: she was prohibited from committing a criminal offense punishable by imprisonment, she was prohibited from using or possessing any controlled substance without a legitimate prescription from a physician, and she must pay all court-ordered fees, fines, and costs. The State filed a petition to revoke appellant's probation on November 12, alleging

that appellant had violated the terms and conditions of her probation by committing felony theft on September 2, by admitting to marijuana use on or about September 3, and by not paying her court-ordered fees and fines.

Appellant's revocation hearing took place on January 8, 2025. Chelsea Sheltka, appellant's probation officer, testified that appellant had not paid her court-ordered fines and fees and that she currently owed over $100 in supervision fees; that appellant admitted using marijuana in September 2024; and that appellant had a new felony charge. Sheltka stated that appellant had admitted she was guilty of the theft. Officer Anthony Taylor of the Conway Police Department testified that he arrested appellant at Walmart on September 2, 2024, for theft. He stated that appellant was seen changing the price stickers on items and going through self-checkout without ringing up all the items in her cart. He said that appellant paid $5 for items valued over $380. He admitted that the theft would normally be a misdemeanor based on the amount stolen, but it was a felony because appellant has a prior felony theft conviction. Darlene Massingill, the Conway County Circuit Clerk, testified that appellant owed a balance of $2,240 and that she had not made any payments. Appellant testified that she had never appeared in court for the theft, and that she had not made any payments because she could not find a job. She admitted that she notified her probation officer that she had smoked marijuana.

The circuit court found that appellant had violated the terms and conditions of her probation as alleged by the State[1] and subsequently revoked appellant's probation. Appellant was sentenced to four years' imprisonment in the sentencing ordered filed on January 8, 2025.[2] Appellant filed a notice of appeal on February 5.

In probation-revocation proceedings, the State has the burden of proving that appellant violated the terms of his probation as alleged in the revocation petition by a preponderance of the evidence, and this court will not reverse the circuit court's decision to revoke probation unless it is clearly against the preponderance of the evidence.[3] The State need only show that the appellant committed one violation in order to sustain a revocation.[4]

Appellant admitted during the revocation hearing that she told her probation officer she had used marijuana. This was sufficient to support her revocation.[5] Appellant's counsel argues, without citation to authority, that it was the State's burden to prove that appellant did not have a prescription for the marijuana; however, he is mistaken. Once the State showed that appellant had violated the terms and conditions of her probation by using

---

[1]The circuit court found that appellant's theft was more of a misdemeanor, not a felony, but was still punishable by incarceration.

[2]There was an amended sentencing order filed on February 6, but it had no substantive changes.

[3]*Maxwell v. State*, 2009 Ark. App. 533, 336 S.W.3d 881.

[4]*Id.*

[5]*See Farris v. State*, 2024 Ark. App. 188, 686 S.W.3d 602.

marijuana, it was up to appellant to offer either a defense or a prescription. However, appellant never presented the circuit court with a prescription, and she never claimed to have a prescription for marijuana. Accordingly, we affirm.

Affirmed.

ABRAMSON and THYER, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Dalton Cook*, Ass't Att'y Gen., for appellee.